WILLIAM DODSON, Appellant, v. ELLIOT CLARK, Respondent.

Kansas City Court of Appeals, December 2, 1889.

Chattel Mortgage: SATISFACTION OF RECORD : RIGHT OF ACTION. Where the mortgagee, who has received pay in full, delays for more than thirty days after demand, and tender of fees, to enter satisfaction on the margin of the record of a chattel mortgage, a right of action accrues to ·the mortgagor, and the entry of such satisfaction after action brought will be no defense.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

REVERSED AND REMANDED.

Statement of the case by the court.

At the trial of this cause in the circuit court plaintiff introduced evidence tending to establish the following facts, to-wit : That on the ninth day of October, 1886, plaintiff gave to defendant a mortgage upon certain goods and chattels to secure a debt of one thousand dollars, which mortgage was recorded in Jasper county. On maturity of the note, in October, 1887, plaintiff turned over to defendant a portion of the property covered by the mortgage, in full payment of the debt thereby secured, which was accepted by the defendant in full satisfaction, and the mortgage and the note, to secure the payment of which the mortgage was given, were delivered to plaintiff by defendant. Some time after the payment of the mortgage debt, plaintiff requested defendant to enter satisfaction on the margin of the record thereof, which defendant refused to do. On the seventh of March, 1888, plaintiff sent to defendant twenty-five cents, the cost of satisfying the mortgage, with the request that he acknowledge satisfaction on the record. Defendant accepted and kept the money sent him by plaintiff, but failed to acknowledge satisfaction of the mortgage on the record, and, on the tenth of April following, plaintiff began this suit to recover the penalty of ten per cent. allowed by section 3312 of the Revised Statutes of 1879, and ten dollars' damages sustained by him. Defendant failed for more than thirty days to comply with the request, but as soon as he was served with summons he went to the recorder's office and entered satisfaction.

The case was tried in the court below before a jury, and after the close of plaintiff's evidence the court gave

an instruction in the nature of a demurrer to the evidence to the effect that the plaintiff could not recover, and directed the jury to return a verdict for the defendant. A verdict was returned accordingly, and judgment rendered for defendant, to reverse which plaintiff brings. the case here by appeal.

*Phelps & Brown* and *Flanigan & Booth*, for the appellant.

(1) This action of the trial court in taking the case from the jury and directing a verdict for defendant is clearly and manifestly erroneous. R. S., secs. 3311, 3312; *Ewing v. Chilton*, 34 Mo. 518. (2) Whenever any person, whose property stands encumbered on the record, has made full satisfaction of the encumbrance, he is entitled to have that satisfaction entered on the margin of the record, and in case such satisfaction is not entered he is entitled to recover the penalty provided by statute. *Burgis v. Gibney*, 47 Mo. 171; *Wiemer v. Peacock*, 31 Mo. App. 238; *Easton v. Copeland*, 17 Wis. 225. (3) The defendant's failure to enter satisfaction on the margin of the record within the time prescribed by statute subjected him to the penalty, and the entry of satisfaction after the commencement of suit constitutes no defense to this action. *Deeter v. Crossley*, 26 Iowa, 180.

GILL, J.—The respondent failing to furnish any brief or argument, we are at a loss to determine upon what theory the court below declared to the jury that the evidence adduced by the plaintiff failed to show any case against the defendant. So much of sections 3311 and 3312, Revised Statutes, 1879, as relate to this controversy, reads as follows:

"Sec. 3311. If any mortgagee receive full satisfaction of any mortgage or deed of trust, he shall, at the request and the cost of the person making the same, acknowledge satisfaction of the mortgage or deed of

trust, on the margin of the record thereof, or deliver to such person a sufficient deed of release of the mortgage or deed of trust.

"Sec. 3312. If any such person, thus receiving satisfaction, do not, within thirty days after request and tender of cost, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved ten per cent. upon the amount of the mortgage or deed of trust money, absolutely, and any other damages he may be able to prove he has sustained, to be recovered in any court of competent jurisdiction."

In letter and spirit this statute applies as well to mortgages of *personal* as to mortgages of *real* property. After payment of the mortgage debt, the statute imposes on the mortgagee, upon tender of the proper costs, the duty that he shall satisfy the record, thereby relieving the property (whether it be chattel or real property) from an apparent encumbrance, and thereby relieving, too, the mortgagor's *credit* of an erroneous charge of overdue indebtedness.

It seems this action was commenced April 10, and that on April 13, three days after the institution of the suit, defendant went to the recorder's office, and did then acknowledge satisfaction of the mortgage security on the record. But this action by the defendant was too long delayed. If, as the evidence discloses, plaintiff had, on March 7, requested defendant to enter satisfaction, and accompanied the request with a tender or payment of the needed charges, then, on April 10, when plaintiff instituted this suit, a cause of action had accrued in his, plaintiff's, favor, and such subsequent satisfaction of the record would be no defense. *Deeter v. Crossley*, 26 Iowa, 180.

It follows that the judgment of the circuit court must be reversed, and the cause remanded for a new trial. All concur.