WILLIAM DODSON, Appellant, v. ELLIOT CLARK, Respondent.

Kansas City Court of Appeals, April 4, 1892.

1. **Mortgages**: SATISFACTION: COSTS. On full satisfaction of the mortgage debt, the mortgagee, at the request of the mortgagor for a release of the mortgage, has his option to go to the recorder's office and indorse satisfaction on the margin or make and deliver a deed of

Dodson v. Clark.

release; and, if it is reasonably inconvenient to make the marginal entry, he may adopt the other mode. at the cost of the mortgagor; and, if he accepts the costs tendered for either mode, he must pursue that mode.

2. ———: WHAT IS SATISFACTION. If a mortgagee accepts goods, and delivers up the note and mortgage with intent thereby to relinquish any further claim thereon, then there is a full satisfaction of the mortgage.

3. ———: SATISFACTION: COSTS. A mortgagee cannot be held for not releasing a satisfied mortgage, unless it appear that the alleged payment of costs was made on account of the mortgage sought to be released.

*Appeal from the Jasper Circuit Court.*—HON. JOSEPH D. PERKINS, Special Judge.

REVERSED AND REMANDED.

*E. O. Brown* and *Flanigan & Booth,* for appellant.

No brief for respondent.

GILL, J.—When this cause was here before (38 Mo. App. 150), we found error in that the circuit court peremptorily instructed for the defendant, whereas the evidence tended to establish such facts as would warrant a verdict for the plaintiff. On a retrial in the court below a verdict and judgment was had in defendant's favor, and plaintiff again appeals to this court.

I. Our opinion now will be merely supplemental to what was said when the case was here on the first appeal. The law applicable to cases of this kind is found in sections 7094 and 7095, Revised Statutes, 1889, or sections 3311 and 3312, revision of 1879. It is there provided that, when the mortgagee receives full satisfaction of his debt or mortgage, he shall, at the request and at the cost of the mortgagor, acknowledge satisfaction of the mortgage in two ways, to-wit, either by

indorsing said satisfaction on the margin of the mortgage record, or by delivering a sufficient deed of release to the mortgagor. Should the mortgagee, after payment of the debt followed by request and tender of costs, fail, for the period of thirty days, to enter such satisfaction on the record, or fail, as the case may be to deliver such deed of release, then such mortgagee subjects himself to an action by the mortgagor. Now, under the evidence and claims made in this case, it becomes necessary to determine what is included under the designation of *costs* which shall be paid or tendered by the mortgagor to the mortgagee. The defendant mortgagee, it seems, resided in the country and about ten miles from the county seat where the records are kept; that, at this place, plaintiff paid defendant the recorder's charges for marginal satisfaction of the record, but nothing more. It is the defendant's contention (and seems so to have been held by the trial court), that the costs to be paid by the plaintiff mortgagor include not only the fees necessary to be paid the recorder, but as well the necessary trouble and expense the mortgagee may be subjected to in getting to and from the county seat. We do not think this to be the meaning of the statute.

The parties to a mortgage contract with reference to the provisions of the law. The case stands as if these sections of the statute were bodily incorporated in the mortgage deed. When the debt is paid, and the mortgage, therefore, satisfied, the mortgagee undertakes and is bound to satisfy the record—either by going to the recorder's office and indorsing satisfaction on the margin of the record, or at his option make and deliver a deed of release; provided only, that the cost to be paid for entering such marginal record satisfaction or cost of making the deed of release be paid by the mortgagor. The two means for relieving the record of

the apparent incumbrance are open to the election of the mortgagee. If the mortgagee shall reside or shall, at the time of the request and tender by the mortgagor, be at such distance from the records that it would be expensive, or, by reason of loss of time or distance to be traveled, it would be reasonably inconvenient to go and enter the marginal satisfaction, then the mortgagee may adopt the other mode, and may, at the cost of the mortgagor, execute and deliver a deed of release. We must presume that the mortgagee knows the law. He knows, when approached by the mortgagor who demands satisfaction of the records, that it may be accomplished in either of the two modes, to-wit, by going to the recorder's office and there entering a marginal satisfaction or by executing a deed of release, and it is incumbent on the mortgagee to pursue the one or the other course if the necessary cost be tendered. If he accept a tender of the necessary amount offered for the purpose of a marginal satisfaction, it then becomes his duty to go to the recorder's office and relinquish his incumbrance by that mode, or, if he have tendered and accepted the necessary cost of the making a deed of release, it then likewise becomes his duty to execute and deliver such instrument.

Now, as to the case at bar, we have nothing to do with the matter of satisfying the mortgage record by a deed of release. If anything, it is a case where the mortgagor paid the mortgagee the necessary cost for a marginal satisfaction. Unquestionably, the sum paid was just the amount required by the recorder of deeds for such satisfaction, but there is no pretense that the mortgagor requested or even expected a deed of release, nor was any tender of costs made for such an instrument. It was, therefore, unnecessary, to say the least, to incumber the instructions or embarrass the jury with any reference to such matter.

There was, however, evidence at the trial tending to prove that the mortgage debt had not been entirely paid. Defendant Clark's testimony tended to show that he had agreed on a satisfaction of the mortgage claim on the delivery to him of a certain portion of the mortgaged goods, but that a certain canvas covering for a machine had not been delivered as Dodson promised, and that he, Clark, had never agreed to accept the other goods in payment of the debt. As to this, it is sufficient to say that unless the debt was paid in full, or, as the statute puts it, unless the "mortgagee receive full satisfaction" of the mortgage debt, then it is clear the plaintiff had no case. But if, on the other hand, defendant Clark did accept the goods delivered, and did deliver up the note and mortgage with the intent thereby to relinquish any further claim thereon against Dodson, then there was such a full satisfaction of the mortgage as the statute contemplates.

There was, too, some evidence on the part of the defendant tending to prove that the twenty-five cents cost for satisfying the record was paid and accepted by him for, and on account of, the charges for satisfying a prior mortgage held by him (Clark) against Dodson, and which had been satisfied on record at defendant's expense. It is clear that defendant cannot be held in this action except it appear that such payment of costs was made on account of the mortgage dated October 9, 1886, and was so understood by defendant at the time.

It follows then that the judgment must be reversed, and the cause remanded. All concur.