ANN DUNKIN *et vir*, Defendants in Error, v. MUTUAL BENEFIT LIFE INSURANCE COMPANY OF NEWARK, NEW JERSEY, Plaintiff in Error.

Kansas City Court of Appeals, November 4, 1895.

1. **Penalty:** PREREQUISITES: RECOVERY. In a suit for the enforcement of a statutory penalty, the plaintiff must establish all the facts upon which the law predicates the right of recovery.

2. **Mortgages:** SATISFACTION OF RECORD: PENALTY. In an action for a penalty for refusing to satisfy a mortgage on the record, under sections 7094, 7095, Revised Statutes, 1889, it is necessary to show not only that the mortgage is paid, but also a refusal to satisfy within thirty days after request and tender of cost.

*Error to the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

REVERSED AND REMANDED.

*E. T.* and *C. B. Allen* for plaintiff in error.

(1) The court should have sustained the demurrer to the evidence. (2) The declarations of law of the court were erroneous, because they did not require a finding of a request or tender. (3) Plaintiffs have no cause of action against defendant, and the case should be reversed and not remanded. *Speaks v. Dry Goods Co.*, 22 Mo. App. 122; *Zurfluh v. Railroad*, 46 Mo. App. 636; *Grant v. Reinhart*, 33 Mo. App. 74–86; *Quay v. Lucas*, 25 Mo. App. 4.

*B. H. Bonfoey* and *A. W. Mullins* for defendants in error.

(1) The counsel for defendant seek to raise the question, by their brief, that the judgment is erroneous, on the ground that "there was no evidence of a tender of cost of a release made to the defendant, or even to the Trust Company." This assumption is directly in the face of the finding of the court. The court found under the evidence that the cost of the release of the deed of trust was paid to defendant by the plaintiffs, and more than thirty days before suit was instituted they requested defendant to make the release. But that question was not raised in the trial court by the defendant. No declaration of law was

asked in that regard, nor was it in anywise sought to be raised in the motion for a new trial. It is too late here. Sec. 2302, 1 R. S. 1889, p. 590; *Bank v. Gallaher*, 43 Mo. App. 482; *Haniford v. City of Kansas*, 103 Mo. 172, 182; *City of St. Louis v. Sieferer*, 111 Mo. 662; *Browning v. Railroad*, 124 Mo. 55; *Shipley v. Bunn*, 125 Mo. 445. (2) The record shows that the court found the facts to be as alleged in plaintiff's petition. In cases of actions at law, like this, tried by the court without a jury, the court is considered as the jury, and where in such cases there is any evidence to support the finding of the court, such finding can not be disturbed on the ground of the insufficiency of the evidence. 1 McQuillin's Pleading and Practice, sec. 669; *Rice v. Arnold*, 58 Mo. App. 97; *Pierson v. Slifer*, 52 Mo. App. 273; *Godman v. Simmons*, 113 Mo. 122; *Mager v. Burch*, 108 Mo. 336; *Wood v. Land*, 22 Mo. App. 425.

GILL, J.—In the year 1890 the plaintiffs borrowed $1,200 of the defendant and therefor gave their notes, the said principal note due May 1, 1895, and the interest notes payable semiannually on May 1 and November 1 of each year. To secure the loan, plaintiffs executed a mortgage or deed of trust on certain real estate in Putnam county. In April, 1894, plaintiffs claim they paid the debt, accrued interest, and, besides, three months interest in advance, to the Central Trust Company of St. Louis, who, it is alleged, was for that purpose the agent of the defendant and who agreed with the plaintiffs that such payments should be in full satisfaction of the debt and mortgage. The Central Trust Company received the money, but failed to remit it to the defendant, or to procure the notes and turn them over to plaintiffs; and shortly thereafter made an assignment for the benefit of its creditors.

The defendant seems to have denied the authority of the Central Trust Company and repudiated the alleged payment to it; and thereupon, in July, 1894, plaintiffs brought this action for the ten per cent. penalty provided in sections 7094 and 7095 Revised Statutes, 1889, for the alleged refusal of defendant, when requested, to acknowledge satisfaction of said mortgage on the record. The issues were tried by the court without a jury, resulting in a finding and judgment for plaintiffs, and defendant brought the case here by writ of error.

Of the several objections urged against this judgment, there is one at least that must work its reversal. This is a suit for the enforcement of a statutory penalty; and, before the plaintiffs can recover, they must establish all the facts upon which the law predicates the right of action. Under what circumstances, now, does the law authorize the mortgagor to recover a penalty from the mortgagee? We must go to the statute for an answer. It is there provided, that "if any mortgagee * * * receive full satisfaction of any mortgage, or deed of trust, he shall, at the *request and cost* of the person making the same, acknowledge satisfaction of the mortgage, or deed of trust, on the margin of the record thereof, or deliver to such person a sufficient deed of release," etc. And further: "If any such person thus receiving satisfaction, do not, *within thirty days after request and tender of cost*, acknowledge satisfaction on the margin of the record, or deliver to the person making satisfaction a sufficient deed of release, he shall forfeit to the party aggrieved, ten per cent upon the amount of the mortgage, or deed of trust money, absolutely" etc., R. S. 1889, secs. 7094, 7095.

To justify the recovery, then, the mortgagor must establish, *first,* payment of the mortgage debt, and, *secondly*, demand or request on the owner and holder

of the mortgage security, not less than thirty days before suit brought, that he acknowledge satisfaction of the record, or execute deed of release, accompanied by payment or tender of the necessary cost thereof. The existence of all these must be shown before the action will lie, to wit, payment of. debt and demand of record satisfaction, coupled with tender of necessary costs required. If plaintiff fails to prove either of these requisites, then the judgment must go against his claim. *Dodson v. Clark*, 49 Mo. App. 148; s. c., 38 Mo. App. 150.

Admitting now that there was some evidence at the trial of this case, tending to prove payment of the mortgage debt in question, yet the plaintiffs (mortgagors) are not entitled to this ten per cent penalty until they show that thirty days or more prior to the institution of this suit they requested defendant to satisfy the record, in the manner pointed out by the statute, and accompanied such demand by tender or payment of the necessary cost. This the plaintiffs failed to do. There is not a word of testimony in the record tending to prove such request or tender. The issue was fairly made, too, in the pleadings, but the court seems to have regarded this requirement of the statute as unnecessary. At the close of plaintiff's testimony, and again at the conclusion of all the evidence, the defendant asked a declaration of law that the plaintiffs were not entitled to recover; but the court refused to so declare and gave instructions for the plaintiffs, and of the court's own motion, basing the right to recover alone on the payment of the mortgage debt. Hence, it will not do in this instance to say that no such issue as we are now considering was in the case as tried by the lower court. This issue was specifically made by the pleadings; and, since there is nothing of record showing a waiver by

defendant of this feature of the case, it must be considered by us.

The judgment must be reversed and cause remanded. All concur.