T. C. HILL, Respondent, v. MRS. W. A. M. WAIN-WRIGHT, Appellant.

Kansas City Court of Appeals, March 5, 1900.

1. **Appellate Practice: BILL OF EXCEPTIONS: ATTACHED PAPER: MUTILATION.** At the time of signing a bill of exceptions there was attached to the same and following the signature of the judge certain sheets containing instructions but no where referred to or identified in the bill itself; subsequently, without intended wrong, the sheets of the bill were opened and said instructions inserted before the judge's signature. Held, that the matter so inserted must be ignored but their insertion was not such mutilation as will destroy the bill.

2. **Mortgages: SATISFACTION OF RECORD: PENALTY: DEMAND.** To warrant the recovery of the penalty for failure to enter satisfaction of a mortgage it must appear that the mortgagor has paid the debt and has demanded of the mortgagee not less than thirty days before suit brought that he satisfy the record and accompanied such demand by the payment or tender of the cost thereof, and a failure in either of these will defeat the recovery of the penalty.

Hill v. Wainwright.

Appeal from the Vernon Circuit Court.—*Hon. O. H. Hoss,* Special Judge.

REVERSED.

*C. H. Kirshner* and *Beardsley & Gregory* for appellant.

(1) There was no evidence of a demand for a release, nor of an offer to pay the cost of same. Dunkin v. Ins. Co., 63 Mo. App. 257; Neefe v. Snyder, 20 Pac. Co., C. & R., 6; Hall v. Hurd, 40 Kan. 374; Larned v. Donovan, 31 Abb. N. C. 308 (N. Y.); Bank v. Kurkonski, 45 Neb. 1; Clark v. Wright, 26 S. Rep. 501 (Ala.). (2) The only release which could have been demanded of defendant was a deed of release. None such was written out or sent for execution and what would have been in Connecticut a reasonable charge for preparation and execution of such a deed is not shown. Henson v. Stever, 69 Mo. App. 136.

*A. J. King* and *M. T. January* for respondent.

(1) The bill of exceptions should be disregarded in determining the appeal, because it has been altered since it was filed. (2) Unless instructions given for respondent appear in the record, the appellate court can not inquire into the correctness of the action of the trial court in refusing instructions asked by appellant. Greenabaum v. Millsaps, 77 Mo. 474; Davis v. Hilton, 17 Mo. App. 319. (3) A waiver is as good as a tender. Dunkin v. Ins. Co., 63 Mo. App. 257. (4) The statute under which suit is brought is not penal. Campbell v. Seeley, 38 Mo. App. 298.

GILL, J.—Plaintiff sued the defendant to recover the penalty and damages provided for in sections 7094 and 7095 because of the alleged failure of defendant on request to sat-

isfy the record of a deed of trust after payment or tender of the debt thereby secured. At the trial below plaintiff had a verdict and judgment for seventy-five dollars and defendant appealed.

I. The first matter of dispute relates to the record. Plaintiff has objected to defendant's abstract—complaining that she has incorporated matter which does not belong to it. From an inspection of the original bill of exceptions, which we have caused to be sent up, and other proof we find the following: When the bill was signed by the circuit judge, there appeared attached to the manuscript and following the certificate and signature of the judge several typewritten pages which turned out to be certain instructions claimed to have been given by the court. These instructions were not, however, at the time the bill was settled and signed, incorporated therein; nor were they in any way referred to, marked or designated by the bill proper. They were simply annexed or fastened to the manuscript signed and attested by the trial judge. Subsequently, however, and without the consent of the court or the counsel on the other side, defendant's attorneys separated the various sheets composing the bill of exceptions and inserted these so-called instructions into the body thereof, placing the sheet having the judge's signature just after such matter, thereby making it appear that said instructions composed a part of the original bill. It is clear, however, that defendant's counsel intended no wrong in so doing and believed that it was a mere re-arrangement of the matter which was by them deemed a part of the bill of exceptions.

On this state of facts, we feel bound to ignore this matter so inserted into the bill of exceptions after it was signed by the judge. It composes no part of the record in the case because not authenticated as the law provides. It does not however work an entire destruction of the bill of exceptions

as is suggested by plaintiff's counsel; it is not such a mutilation as will totally destroy the record; it is easy enough to separate the spurious from the genuine. The case then will be treated and considered with these so-called instructions eliminated from the record and abstract.

II. Because of the fact that we dispose of this appeal on one single point, the following facts only need be stated: In December, 1891, plaintiff Hill, while renewing a loan on his land in Vernon county, executed to the Central Trust Company of St. Louis five small notes of $15 each and which covered the extra interest or commission due the trust company for effecting the main loan. These interest notes were made payable in one, two, three, four and five years from date and were secured by a second deed of trust on Hill's property. Very shortly thereafter, the Central Trust Company turned over and assigned these several small notes of Hill to Stillman, a broker in Hartford, Connecticut, and Stillman at once assigned them over to a Dr. Wainwright, of the same place. These assignments were made as collateral security (along with other securities) for a large loan which the Trust Company had prior thereto gotten from Stillman, and for which it had executed its negotiable promissory note, which latter note had before that been sold to Wainwright. So that subsequent to about January, 1892, and at the dates hereafter mentioned, Wainwright and the defendant, his wife (the latter inheriting the property on the death of her husband in 1894) owned and held said five interest notes executed by plaintiff Hill. It seems that when the first and second of these $15 notes matured (that is, in December, 1892 and 1893) Hill sent the amounts thereof to the Central Trust Company at St. Louis, and while it acknowledged the receipt of these amounts they did not return to Hill the said notes for the reason in fact that they did not then own the notes or have possession thereof; for, as already stated, the

notes were then in the hands of and owned by Wainwright who, it seems, knew nothing of the payments to the Trust Company and who never authorized said company to collect the same.

In 1894 the Central Trust Company became insolvent and made an assignment. In 1897, and after all of these five interest notes had become due, plaintiff Hill, through the assistance of counsel, entered into correspondence with a bank at Hartford, Connecticut, and with Mrs. Wainwright's attorney at the same place, and therein offered to pay the three notes last maturing, with the condition, however, that Mrs. Wainwright should surrender the entire series, five in number. But this Mrs. Wainwright refused—insisting that she was entitled to payment of all five of the $15 notes, and that payment of the notes due in 1892 and 1893 to the Central Trust Company at St. Louis was not payment to the holder and owner of the notes. Thereupon Hill brought this action in Vernon county, as before stated; Mrs. Wainwright, though living in Connecticut, entered her appearance by counsel, and the cause was tried with the result already stated.

It seems clear to us that the trial court should have sustained a demurrer to the evidence which was offered by defendant at the close of the case. Even if we concede that plaintiff made an offer to pay, or tender of the entire amount due the defendant on his notes, the record yet fails to show that any request was ever made on the defendant to satisfy the mortgage or deed of trust, as the statute provides. We had this exact question in Dunkin v. Ins. Co., 63 Mo. App. 257. The language there used is applicable here. After quoting from the statute authorizing this kind of an action (R. S. 1889, secs. 7094, 7095) we proceeded to state, that "to justify the recovery, then, the mortgagor must establish, first, payment of the mortgage debt, and secondly demand or

request on the owner and holder of the mortgage security, not less than thirty days before suit brought, that he acknowledge satisfaction of the record, or execute deed of release accompanied by payment or tender of the necessary cost thereof. The existence of all these must be shown before the action will lie, to wit, payment of debt and demand of record satisfaction, coupled with tender of necessary costs required. If plaintiff fails to prove either of these requisites, then the judgment must go against his claim. Dodson v. Clark, 49 Mo. App. 148; s. c., 38 Mo. App. 150." And as was further said there, if we admit that there was some evidence that there was a payment or tender of the amount due on the mortgage debt, yet plaintiff does not show himself entitled to the ten per cent penalty until he shall have shown that thirty days or more before suit brought he requested defendant to satisfy the record in the manner pointed out by the statute. In this, the plaintiff has entirely failed. The nearest approach to a demand on defendant to satisfy the record of the deed of trust is found in letters written to her attorney in Connecticut, wherein it is suggested that she accept the amount due on the three notes last maturing, assign the five notes to Hill and deliver same to a bank who would forward them to the plaintiff. There was at no time any demand made on the defendant to enter satisfaction of the mortgage record or to execute a deed of release to the plaintiff.

Since then the evidence failed to make a case the judgment must be reversed. All concur.