Duff v. Karr.

## MARY DUFF, Appellant, v. NICHOLAS KARR, Respondent.

**St. Louis Court of Appeals, November 19, 1901.**

1. **Habeas Corpus:** PENALTY FOR REFUSING COPY OF COMMITMENT: DEMAND FOR COPY. In an action to recover a penalty under a habeas corpus act (R. S. 1899, sec. 3603) for the refusal of a copy of a commitment, proof of a demand to give the prisoner a copy is necessary; refusal of a demand by the prisoner's attorney for a copy is not sufficient.

2. ———: CHANGES IN LAW. The court reviews changes in the Missouri law of habeas corpus.

3. ———: STATUTORY CONSTRUCTION. Penal statutes must be construed strictly.

4. ———: REFUSE DEFINED. "Refuse" is defined to mean "to deny a request, demand, invitation or command."

5. ———: STATUTE, HOW CONSTRUED. Courts may consider the earlier law and changes therein in construing a statute.

6. ———: INTENT, BEST GUIDE TO MEANING. The intent of a law furnishes the best guide to its meaning.

7. ———: CHANGES IN LAW PRESUMPTION: RULES OF CONSTRUCTION. Courts will not assume that changes in a law are without design. All parts of a statute should be given effect rather than that any part should perish by construction.

8. **Verdict:** WHEN AGAINST THE EVIDENCE. A verdict is "against the evidence" when any fact essential to it is without testimony to support it.

9. **Federal Statutes:** By the Federal statute of March 3, 1805, the local executive and judges of Louisiana Territory were invested with legislative power, subject to the disapproval of Congress.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

AFFIRMED.

*J. Hugo Grimm* and *Daisy D. Barbee* for appellant.

(1) While the matter of granting new trials rests largely in the discretion of the trial court, particularly where its action is based upon the ground that the verdict is against the weight of the evidence, yet, even where that is the ground alleged, the court will not be permitted to exercise its discretion arbitrarily or unreasonably. Kuenzel v. Stevens, 73 Mo. App. 16, 155 Mo. 285; Powell v. Railway, 59 Mo. App. 346; Shaughnessy v. Railway, 68 Mo. App. 155; Chouquette v. Railroad, 152 Mo. 267. (2) While it is true that this court would refuse to reverse where a new trial was granted because the verdict was against the weight of the evidence, where it appeared that there was a substantial conflict in the evidence, an examination of the record will show there is no substantial conflict. Kuenzel v. Stevens, 155 Mo. 285; Kreis v. Railway, 131 Mo. 545; Bank v. Wood, 124 Mo. 76.

*B. Schnurmacher* for respondent.

(1) The statute upon which this proceeding is based is a penal statute. Sutherland on Statutory Construction, sec. 359; Endlich on Statutory Construction, sec. 33. (2) The law does not favor penalties or forfeitures, and to entitle a party to recover a statutory penalty he must show every fact upon which the law predicates his right of recovery. Dunkin v. Ins. Co., 63 Mo. App. 257. (3) Our statute differs from the original habeas corpus act of Charles the II, wherein it was provided by section 5 that any officer refusing, for the space of six hours after demand, by the prisoner or other person in his behalf, to deliver a true copy of the warrant or warrants of commitment "to the person so demanding," should for the first offense forfeit "to the prisoner or party grieved" the sum of one hundred pounds, and for the second offense the sum of

two hundred pounds. See Habeas Corpus Act, in Church on Habeas Corpus, p. 48, et seq. And such was also the provision of the habeas corpus act for the Territory of Louisiana. See 1 Territorial Laws of Mo., p. 100. (4) This change in the language of the act is important in view of the rule that in the construction of a statute it is proper to consider the prior state of the law on the subject and all changes therein. Gabriel v. Mullen, 111 Mo. 119; State ex rel. v. Hostetter, 137 Mo. 636.

BARCLAY, J.—This is an action to recover one of the penalties mentioned in the Habeas Corpus Act.

Plaintiff's claim is that the defendant, then superintendent of the workhouse in the city of St. Louis, Missouri, refused a copy of the commitment under which plaintiff was in custody there, in circumstances which make defendant liable to the penalty denounced by the following statute:

"Sec. 5404. *Penalty for refusing copy of process.*—Any officer or other person having the custody of any prisoner committed on any civil or criminal process, who shall refuse to give such prisoner a copy of the process, order or commitment, by virtue of which the person is held or detained, within six hours after the demand by the prisoner, or any one on his behalf, shall be deemed guilty of a misdemeanor, and shall also forfeit to the party aggrieved five hundred dollars." R. S. 1889, sec. 5404, same as sec. 3603, R. S. 1899.

The cause was tried before Judge SPENCER and a jury. It resulted in a verdict for plaintiff in the sum of five hundred dollars. The court set aside the verdict on defendant's motion, assigning as reason for the order that the verdict was against the evidence. The plaintiff took this appeal to reverse the order granting a new trial.

In the view we take of the case it will not be necessary to write a full review of the incidents of the trial.

We are of opinion that on one essential point at least plain-

tiff's case failed.   Hence, the verdict lacked necessary support in the evidence, and could not bear the test of review in any court where that point was duly made against it.

The fatal weakness of the case lies in the failure of proof of such a refusal on the part of defendant as would bring his act within the purview of the statute quoted.

Giving plaintiff's testimony the most favorable construction it shows no more than this:

Plaintiff's attorney, Miss Barbee, called on defendant at the workhouse, April 15, 1899, and after announcing her relation to plaintiff as attorney, stated (to quote her testimony) that she "wanted a copy of the commitment under which he" (defendant) "held Mary Duff." Defendant answered that he was holding Mary Duff under an ordinance.   Miss Barbee said she so understood, but she wanted a copy of the commitment. He told her to go to the "Four Courts" and get a copy.   Miss Barbee then attempted to hand to defendant a written demand for the required copy.   Defendant refused to receive the writing.   Miss Barbee told defendant that the statute required him to furnish a copy of the writ.   He answered that Mary Duff was being detained under the ordinance mentioned, not under the statute.

There was no request or demand for a copy to be delivered to Mary Duff, the prisoner.

The demand by Miss Barbee, attorney for the prisoner, according to her own account of the incident, was in this form: "I asked him about the prisoner, Mary Duff, and I stated to him that I wanted a copy of the commitment under which he held Mary Duff."

The issue as to the legality of the detention of Mary Duff has been before this court on a former occasion.   City v. Karr, 85 Mo. App. 608.

The statute on which this action is founded is a criminal statute.   It makes the forbidden act of refusal a misdemeanor. It is also a penal statute.   The law governing this case (sec.

5404, R. S. 1889, already quoted) has been for many years in force. At an early day in the history of the Territory of which the later State of Missouri formed part, an enactment was made which conformed more closely than the law of to-day to the text of the English habeas corpus act (31 Car. II, sec. 5) in the particular now under examination. It was this:

"Sec. 8. If any officer, sheriff, gaoler, keeper or other person or any of his under-officers or deputies upon demand by the prisoner or some person in his or her behalf shall refuse to deliver, or within six hours after such demand shall not deliver *to the prisoner or person so demanding the same,* without fee or reward, a true copy or copies of the warrant or warrants of commitment and detainer of said prisoner, which are hereby required to be delivered, all and every such officer, sheriff, gaoler, keeper or other person, under-officer or deputy so offending shall forfeit to the prisoner or party grieved a sum not exceeding three hundred dollars to be recovered by the prisoner or party grieved, his or her executors or administrators in manner aforesaid." Laws Terr. La. (Hempstead's Ed.), p. 73, sec. 8; I Terr. Laws (Ed. 1842), p. 100, sec. 8; Geyer's Dig. (1818), p. 218, sec. 7. We have italicized certain words in the section to direct attention to the variance between the old and the present law.

That enactment became the law of Louisiana Territory by the act of the local executive and the judges, then invested with legislative power (subject to disapproval by Congress), by virtue of the Federal statute of March 3, 1805, regulating the government of the Territory. 1 Terr. Laws (Ed. 1842), p. 6; 2 U. S. Stats. (Peters Ed.), p. 331, ch. 31.

By the first revision of the laws of Missouri, the section in question was altered to read as follows:

"Sec. 17. Be it further enacted, that any sheriff or his deputy, any gaoler, or coroner, having custody of any prisoner committed on any civil or criminal process of any court or magistrate, who shall neglect to give such prisoner a copy of

the process, order or commitment, by virtue of which he is imprisoned, within six hours after demand—made by said prisoner or any one on his behalf, shall forfeit five hundred dollars." R. S. 1825, p. 426, sec. 17.

At least as early as the revision of 1835, another change in the phraseology of the section took place, and it was amended into a form substantially as it now is' (R. S. 1899, sec. 3603; R. S. 1835, p. 307, sec. 11).

The point of amendment to be remarked in this inquiry is that whereas the early law affixed a penalty to the officer's refusal to give a copy to the *"prisoner or person so demanding the same"* the statute now applicable to the subject requires the copy to be given to the prisoner, although the demand may yet be made "by the prisoner, or anyone on his behalf."

Courts are warranted in considering the prior state of the law and changes in the law in ascertaining the purpose of any statute. · It is the intent of the law which furnishes the best light to reach its meaning.

We are not to assume that the legislative authority has introduced changes into the law without design. It is our duty to regard the rule of interpretation that every part of existing law should be given force rather than that any part should perish by construction. We should accord effect to the apparent intent implied by the requirement that the copy of the commitment be given to the prisoner.

The word "refuse" has been defined by the Supreme Court as signifying "to deny a request, demand, invitation or command." In the same decision it was further held that the proof of a refusal "necessarily involves the proof of a previous demand." Shaler v. Van Wormer, 33 Mo. 388.

The same idea of the word "refuse" is imparted by other standard authority. Rawle's Bouvier's Law Dict., "Refuse."

The statute under review contemplates the refusal of a demand for a copy to be given to the prisoner, when it comes to applying its penal provisions.

It is elemental law (quoting an eminent commentator) that "penal statutes must be construed strictly." 1 Bl. Com., * p. 88.

That proposition is familiar in Missouri. Riddick v. Governor, 1 Mo. 147; Howell v. Stewart, 54 Mo. 407; Dunkin v. Ins. Co., 63 Mo. App. 257.

Guided by these precepts of construction, we consider that there was no proof given by plaintiff of such a refusal of a copy by defendant as the statute denounces. The learned trial judge was entirely right in declaring that there was no evidence to sustain a finding for plaintiff on that vital part of the case.

The order granting a new trial is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.