Dear Representative Ribaudo:
This letter is in response to your request for an opinion of this office asking the following questions which we have modified as to form:
 1. The requirement in § 443.060 RSMo for identification of the evidence of indebtedness (e.g., note) secured with a deed of trust has been deleted by House Bill No. 210 (1985). Is a recorder of deeds allowed to identify such a note after January 1, 1986?
 2. The statutes do not appear to require such a note to be presented to the recorder when the securing instrument is to be released by notation on its margin. Can the recorder require execution and recording of a deed of release of such instrument? If the recorder may not impose such a requirement, should the recorder make some notation of the particulars of a release based only on verbal instruction?
 3. Is a partial deed of release necessary to effectuate a partial release of a deed of trust?
The premise upon which your first question rests deserves independent consideration. A pre-enactment analysis of H.B.No. 210 (1985) by the House Research Staff included in its summary of the bill:
 . . .; and providing, as to security instruments recorded after the effective date of the bill, that the promissory note or other obligation would not have to be presented for identification at the time of recording the security instrument or for cancellation at the time of recording a release. The bill contains an effective date of January 1, 1986. . . . The production of promissory notes and other obligations for identification and cancellation would be eliminated. . . .
Truly agreed to and finally passed H.B. No. 210 (1985)[1]
enacted an entirely new section, § 443.035 RSMo, which provides:
 1. "Security instrument", as that term is used in this section, and in sections 443.060, 443.070, 443.080, 443.090, 443.100, 443.110 and 443.390, shall mean any mortgage, deed of trust or other real property security instrument securing the payment or satisfaction of any debt or other obligation.
 2. Security instruments may be assigned by instrument in writing, acknowledged by the assignor in the manner provided for the acknowledgment of other instruments affecting the title to real property, and may be recorded in the office of the recorder of deeds in the county or counties in which the security instrument being assigned was recorded.
 3. Any person who acquires an interest in or a lien upon real property for value and without notice of an unrecorded assignment of a security instrument recorded on or after January 1, 1986, and who has relied upon a release of such security instrument executed by the party last shown of record to be the owner thereof, shall acquire said interest in or lien upon such real property free from the lien of said security instrument to the same extent as if the release upon which reliance was placed had been executed by the lawful holder of the debt or other obligation secured by said security instrument.
 4. From and after January 1, 1986, no recorder of deeds in this state shall accept for record any security instrument or assignment thereof in which the mortgagee, cestui que trust or assignee is named as bearer or the actual identity of the mortgagee, cestui que trust or assignee is otherwise not ascertainable from the face of said security instrument or assignment. All security instruments and assignments thereof presented for record shall contain the mailing address of the mortgagee, cestui que trust or assignee; provided, however, that the omission thereof shall not affect the validity of any security instrument or assignment, or the constructive notice imparted by the record thereof. § 443.035
 H.B. No. 210 (1985) repealed §§ 443.040 and .050
which provided for the presentation to the recorder of deeds, simultaneous with the recording of a real estate mortgage or deed of trust, of the evidence(s) of debt (e.g., promissory note) intended to be secured by the mortgage or deed of trust, for the recorder's identification and presumable basis for the recorder's subsequent authentication of the note at the time of release of the mortgage or deed of trust.
H.B. No. 210 (1985) revised existing § 443.060[2] by substituting the defined term "security instrument" (§ 443.035.1) for the numerous uses of the phrase "mortgage or deed of trust" in that statutory section and by modifying subsections 1, 2 and 3 in the following manner:
 1. . . . In the case of security instruments recorded prior to January 1, 1986, if satisfaction be acknowledged by the payee or assignee, or in case a full deed of release is offered for record, and except as otherwise provided in subsection 3 hereof, the note or notes secured shall be produced and canceled in the presence of the recorder, who shall enter that fact on the margin of the record and attest the same with his official signature; and except as otherwise provided in subsection 3 hereof, no full deed of release of such a security instrument shall be admitted to record unless the note or notes are so produced and canceled, and that fact entered on the margin of the record and attested as above provided.
 2. If such note or notes are required by subsection 1 of this section to be presented for cancellation and are not presented for the alleged reason that they have been lost or destroyed, the recorder, before allowing any entry of satisfaction to be made on the record or any deed of release to be placed on the file or record, shall require the mortgagee or cestui que trust named in the security instrument
desired to be released or his legal representative, to make oath, in writing, stating that the note or other evidences of debt named in the security instrument sought to be released have been paid and delivered to the maker or his representative, and the recorder shall also require the maker of such note or notes, or his legal representative, to make affidavit, in writing, that the note or notes in question have been paid, and cannot be produced because lost or destroyed, and that they are not then in the possession of any person having any lawful claim to the same; . . .
 3. In case any mortgagee, cestui que trust or assignee, or personal representative[thereof] . . . shall desire to release the property described in any security instrument recorded prior to January 1, 1986, without receiving full satisfaction of the debt, note or obligation thereby secured, he shall be permitted to do so by the recorder on presentation to the recorder of the notes or other obligations evidencing the principal of the debt secured thereby, or accounting for them by affidavits or otherwise as now or hereafter provided by law in the case of full release and the recorder shall note the fact of such full release on the margin of the record of such security instrument or, if such release is made by deed of release, shall note the fact of the filing for record of such release, and of the presentation of such notes or other obligations, or accounting therefor, on such notes or obligations . . . [and] on the margin of the record of such security instrument, but shall not cancel such notes or other obligations; . . . § 443.060 (added language underscored)
 H.B. No. 210 (1985) similarly revised §§ 443.070, -.080,-.090, and -.100, to wit:
 Every person who shall execute a deed of release of a security instrument recorded prior to January 1, 1986, shall at the time of making and delivering such release deed, make and deliver the affidavit required by section 443.060 unless such deed of release states that the indebtedness remains unpaid in whole or in part; . . . § 443.070 (added language underscored)
 The trustee . . . in any security instrument . . . by a . . . public utility company . . . upon its property . . . may enter satisfaction of said security instrument
upon the records where the same has been recorded. Where such security instrument was recorded prior to January 1, 1986,
without producing the . . . notes . . . secured by said . . . security instrument,
satisfaction shall not be entered . . . unless the trustee . . . and the president . . . of the . . . public utility company . . . shall make and file with the recorder affidavits stating that all of the . . . notes . . . secured by said security instrument
have been paid. . . . § 443.080
(added language underscored)
 In case any person desires to release any part of the property described in any security instrument recorded prior to January 1, 1986, by marginal record or deed of release, he shall be permitted to do so by the recorder on presentation to the recorder of the notes or other obligations evidencing the principal of the debt secured thereby, or accounting for them by affidavits or otherwise as . . . provided by law in the case of full release, and the recorder shall note the fact of such partial release on the margin of the record of such security instrument or, if such release is made by deed of release, shall note the fact of the filing for record of such partial release, and of the presentation of such notes or other obligations, or accounting therefor, on such notes or obligations . . . and on the margin of the record of such security instrument
but shall not cancel such notes or other obligations; . . . § 443.090 (added language underscored)
 In case where a number of notes are named in any security instrument which was recorded prior to January 1, 1986, on payment of any one or more of such notes, the maker thereof may present the same to the recorder, and the recorder shall cancel the same and make a memorandum of such presentation and cancellation on the margin of the record of such security instrument. § 443.100 (added language underscored)
The revision of § 443.110 by H.B. No. 210 (1985) is to simply convert the words or phrase "mortgage or deed of trust" into the term "security instrument."
Lastly, H.B. No. 210 (1985) revises § 443.390 (pertaining to St. Louis City and Kansas City, and to St. Louis, Jackson, St. Charles, Jefferson, Greene, and Clay counties) so as to similarly isolate this section's application to "security instruments" recorded prior to January 1, 1986.
Although the method employed was rather abstruse, we conclude that H.B. No. 210 (1985) prospectively eliminated the procedure whereby the recorder of deeds would identify the subject evidence of indebtedness when a real estate "security instrument" was initially placed of public record so as to be able to authenticate such evidence when the security instrument was subsequently removed (released) of public record. Therefore, in answer to your first question, it is our opinion that for real estate "security instruments" placed of public record on and after January 1, 1986, there is no statutory authorization for the recorder of deeds to identify the evidence of indebtedness to which the "security instrument" may relate.
Your second question is primarily whether written rather than oral releases of real estate "security instruments" may be required by recorders of deeds. As amended by H.B. No. 210(1985), § 443.060 RSMo provides:
 1. If any mortgagee, cestui que trust or assignee, or personal representative . . . [thereof] . . ., receive full satisfaction of any security instrument, he shall, at the request and cost of the person making the same, acknowledge satisfaction of the security instrument on the margin of the record thereof, or deliver to such person a sufficient deed of release of the security instrument; . . .
* * *
 § 443.060
(emphasis added)
The law authorizing photographic and similar copying of public records, §§ 109.090 et seq. RSMo, provides:
* * *
 3. When any recorder of deeds in this state is required or authorized by law to record . . . any . . . written instrument, he may do so by . . . photographic, . . . microfilm, or similar mechanical process which produces a clear, accurate and permanent copy of the original. The reproductions so made may be used as permanent records of the original. . . . In all cases where instruments are recorded under the provisions of this section by microfilm, any release, assignment or other instrument affecting a previously recorded instrument by microfilm may not be made by marginal entry but shall be filed and recorded as a separate instrument and shall be in a separate book, cross-indexed to the document which it affects. § 109.120[3]
Accordingly, it is our opinion that where the recorder of deeds maintains a system of microfilmed land records pursuant to§ 109.120, the recorder must require a deed of release before a real estate "security instrument" is removed (released) from the public record. We also are of the opinion that the "he" referred to in § 443.060 is the mortgagee, not the recorder.Dodson v. Clark, 49 Mo.App. 148 (1892); see Hellweg v. Bushet al., 74 S.W.2d 89 (Mo.App., Spr. 1934).[4] Thus, recorders of deeds not maintaining microfilmed land records under§ 109.120 must require the physical presence of the mortgagee or other legally authorized person to execute the acknowledgement of the satisfaction of the debt by marginal entry. The secured party cannot orally (by telephone or in person) instruct the recorder to make a "marginal" release; the marginal entry of the release must be acknowledged in writing by the mortgagee.[5]
Your third question asks if partial releases of security instruments may be made by marginal entry. There apparently are two partial release statutes: §§ 443.090 and 443.110, RSMoSupp. 1985. See also § 443.060.3, RSMo Supp. 1985 (applicable to full releases of partially satisfied debts). Section443.090, RSMo Supp. 1985, authorizes partial releases by marginal entry but is applicable only to security instruments recorded prior to January 1, 1986. Section 443.110, RSMo Supp. 1985,
does not authorize partial releases by marginal entry. Thus, we believe that security instruments recorded after January 1, 1986, may not be partially released by marginal entry, but may be partially released by deed of release in the circumstances described in § 443.110, RSMo.
Sincerely,
 WILLIAM L. WEBSTER Attorney General
[1] "AN ACT to repeal sections 59.330, 443.040, 443.050, 443.060,443.070, 443.080, 443.090, 443.100, 443.110, and 443.390, RSMo 1978, relating to security instruments, and to enact in lieu thereof nine new sections relating to the same subject, with an effective date."
[2] The essential concept of this statute is quite old. See L.Mo. 1835, p. 210. The substantial form of the present statute appears to date from L. Mo. 1887, pp. 224-225. The last repeal and re-enactment of this statute was in H.B. No. 226, 78thG.A. (L.Mo. 1975, pp. 391-396). "AN ACT . . . relating to mortgages and deeds of trust. . . ."
[3] This law authorizing custodians of public records to create duplicate originals appears to have been first enacted in H.B.No. 626, 63rd G.A.; L.Mo 1945, pp. 1427-1428. "AN ACT authorizing the reproduction of any records by photostating, photographing or microphotographing; . . ." The provisions above quoted were added by H.B. No. 142, 72nd G.A.; L.Mo. 1963, pp. 150-158.
"AN ACT . . . relating to public records . . . and permitting the reproduction of certain records and the destruction or storage of certain records. . . ."
[4] In Hellweg it is noted:
 . . . On August 29, 1929, based on the affidavits above referred to, the release of the Hellweg mortgage was effected, and on the same day P.J. Hill, as assignee of the beneficiary, executed a marginal release of the Groh mortgage, the original first mortgage, in words and figures as follows: "`I hereby certify that the within described note was produced, fully assigned, and I marked it cancelled on the face.'"
 "Witness my hand and seal this 9th day of August, 1929. Calvin E. Henderson, Recorder of Deeds." 74 S.W.2d at 91
This case also reflects the desirability of that aspect of H.B.No. 210 (1985) providing a considerable incentive for the recording of assignments of security instruments.
 . . . We cannot refrain from stating, however, that, if our statute did provide for the recording of assignments of mortgages where the notes secured thereby have been assigned, the possibility of fraudulent releases, such as we now have under consideration, would be most effectively eliminated. . . . 74 S.W.2d at 94
[5] We make no representation as to the weight to be accorded any particular release, and the degree of reliance thereon should be a matter of judgment and discretion on the part of the prospective purchaser of the property.