MARY E. SHERMAN & others *vs.* WILLARD B. SHERMAN & others.

If a testator devises land in trust for the benefit of his son W. and family, during W.'s life, with remainder to W.'s wife and sons, adding the following provision: "This devise charged with this condition, viz: that the wife and sons of said W. shall pay to all the daughters of said W. $200 each, as they shall respectively arrive at the age of eighteen years," the legacies are thereby charged upon the land devised, and if not paid the legatees may maintain a bill in equity to compel the sale of so much of the land as may be necessary to raise money for them, and for expenses and costs.

BILL IN EQUITY by daughters of Willard B. Sherman against his wife and sons, and the trustee under the will of W. Bissell Sherman, praying that the said wife and sons may be ordered to pay over to the plaintiffs certain legacies left to them in the will of W. Bissell Sherman, or, in default thereof, that the trustee may be ordered to sell so much of the real estate upon which the legacies were charged as should be sufficient to raise money to pay the legacies, expenses and costs. The material portion of the will was as follows : " I give and devise to Cooley Phelps, Esquire, in trust, and for the sole use and benefit of my son Willard and his family, during the life of the said Willard, the Talmage farm, the Bovie lot, and the Red House lot or farm and [on] his decease to go as follows : The use of one fourth to his wife during her life, and the residue of the estate to all his sons that shall be living at my decease, in fee, together with the reversion of the widow's part. This devise charged with this condition, viz : that the wife and sons of said Willard shall pay to all the daughters of said Willard two hundred dollars each, as they shall respectively arrive at the age of eighteen years. If either of the daughters or sons should die without issue, the portion of such deceased daughter to go to the surviving sisters, and if it be a son, to the surviving brothers." It was admitted that the plaintiffs had reached the age of eighteen, and had duly demanded their legacies.

*A. J. Waterman*, for the plaintiffs.

*H. W. Bishop*, for the defendants.

Brace *v.* Yale.

CHAPMAN, J.    The devise of W. Bissell Sherman, under which the plaintiffs claim, is inartificially drawn.    But the legacies of two hundred dollars each, which it gives to the plaintiffs, are expressly charged upon the trust property, though the testator directs that they shall be paid by the wife and sons of Willard, the *cestuis que trust,* when the plaintiffs shall respectively arrive at the age of eighteen years.    By charging these legacies upon the land devised in trust for the benefit of the wife and sons of Willard, the testator manifested an intention to provide security for the payment of the legacies.    *Taft* v. *Morse,* 4 Met. 527. As the legacies have not been paid, this suit is the appropriate remedy for enforcing the charge upon the trust property.    The plaintiffs are entitled to a decree as prayed for, that the trustee sell so much of the land as may be necessary to pay the legacies with interest, the costs of this suit, and incidental expenses, and pay the plaintiffs, from the proceeds, their several legacies with interest and costs.