YOUNG WOMEN'S CHRISTIAN ASSOCIATION, Respondent, v. ST. LOUIS WOMEN'S CHRISTIAN ASSOCIATION, Appellant.

St. Louis Court of Appeals, November 14, 1905.

BENEVOLENT SOCIETIES: Jurisdiction: Intervention. The statutes relating to the incorporating of benevolent societies contemplate an *ex parte* proceeding to procure a pro forma decree. An association cannot intervene and become a party to such proceeding so as to oppose the incorporation of another body.

Appeal from St. Louis City Circuit Court.—*Hon. Matthew G. Reynolds,* Judge.

APPEAL DISMISSED.

*R. M. Nichols* for appellant.

*Selden P. Spencer* for "petitioners," called "respondent."

GOODE, J.—The Woman's Christian Association of St. Louis, a benevolent society, was incorporated December 23, 1882. Its charter empowered it to provide for the physical, intellectual, social, moral and religious wants of industrial women of St. Louis. For the attainment of

that object it was authorized to do many things of a charitable nature, to-wit: maintain a home for aged men and their wives, called Memorial Home, organize bodies to be known as the Women's Training School and the Day Nursery; provide by-laws for the separate management of those organizations; organize and perpetuate such branches of the association as the management might deem necessary; and control all such organizations as might be deemed efficient for the amelioration of the condition of the poor, weak, aged and helpless or prompted by a sense of sympathy for their misfortunes; take and hold donations and contributions for such purposes; erect and maintain buildings and structures and acquire and hold real and personal property necessary to carry out the objects of the association. One of the auxiliary organizations formed by the St. Louis Women's Christian Association is the Young Women's Christian Association, an unincorporated body. It assists in carrying on the work of the Women's Christian Association, has headquarters at No. 3208 Pine street in St. Louis and receives and disburses money for charity. The various auxiliary branches of the Women's Christian Association all report to the latter body and have a board of managers composed of members of the incorporated society. The St. Louis Women's Christian Association has used the name of the Young Women's Christian Association to designate one of its branches since 1892. On April 24, 1905, certain Christian women filed a petition in the circuit court of the city of St. Louis, praying a decree incorporating a society to be known as the "Young Women's Christian Association," whose object should be the spiritual, intellectual, moral and physical development of young women. On April 26th, the original society, known as the St. Louis Women's Christian Association, filed exceptions (or objections, as they more properly may be called) to the petition to incorporate the society known as the Young Women's Christian Association. The grounds of the objections are that the

old society had been using the name "Young Women's Christian Association" for years for one of its auxiliary branches, engaged in carrying on the same work intended to be done by the new society; that is, looking after the physical, spiritual and intellectual needs of young women; that said auxiliary branch of the old society receives donations of money under the title of the Young Women's Christian Association and disburses the same for charity, gets its mail in that name and in fact carries on all enterprises under the name; that many of the letters intended for the old society (St. Louis Women's Christian Association) are addressed to it as the Young Women's Christian Association; and that in view of the above facts, to incorporate a new society under the title of the Young Women's Christian Association would result in confusing the mails of the two societies and causing mistakes in the minds of persons donating money for charitable purposes, thus leading to business entanglements. On April 29th, the circuit court overruled the objections and granted a *pro forma* decree, incorporating the Young Women's Christian Association. The petitioners for the latter body immediately filed its articles of incorporation with the Secretary of State who, on May 1, 1905, issued his' official certificate that the articles had been so filed and, thereupon the Young Women's Christian Association became an incorporated body, having its location in the city of St. Louis. On the very day the certificate was issued by the Secretary of State, the circuit court set aside its *pro forma* decree, incorporating the petitioners and its order overruling the objections to such incorporation. On May 5th, the St. Louis Women's Christian Association filed amended objections, similar to those originally filed, and said objections to the incorporation of the new society were heard May 29th. At this hearing the court overruled the amended objections and, to prevent confusion in the record, ordered that its order entered on May 1, 1905, setting aside the original *pro forma* decree be vacated and

that said original decree be reinstated as of the date it was first entered, to-wit; April 29, 1905. The St. Louis Women's Christian Association appealed from the decree incorporating the Young Women's Christian Association.

The point made against the decree of the court below is that the statutes prohibit the incorporation of a benevolent society bearing a corporate name already assumed by another corporation; which is true. [R. S. 1899, sec. 1394.] It is said that the name of the new society so closely resembles the name of the old one that confusion in the mails, and other inconveniences in the transaction of business, will result from incorporating the new society under that name; and maybe this is true. But we know of no law by virtue of which the St. Louis Women's Christian Association had the right to be made a party to the proceedings instituted to incorporate the Young Women's Christian Association, or to appeal from the decree of incorporation. The statutes provide that when a petition for the incorporation of a religious or benevolent society is filed in the circuit court, if the court is of the opinion that the articles of agreement and the purpose of the association, come within the purview of the statutes, and are not inconsistent with Federal or State laws, an order reciting such opinion shall be entered and a certified copy of it attached to the articles. This order cannot be entered until the petition has remained on file for three days after it is presented to the court. If the judge to whom the petition is presented entertains a doubt as to the propriety of incorporating the association, he may appoint some person to investigate the matter as a friend of the court. The *amicus curiae* may take testimony concerning the purpose of the association, and on the hearing the court may grant or dismiss the petition, as seems best. [R. S. 1899, sec. 1395.] The statutes appear to contemplate an ex parte proceeding, instead of one to which persons or corporations can be made parties on their application

because they hold rights which may be infringed by granting the petition. The members of this court are of the opinion that the St. Louis Women's Christian Association had no legal right to intervene in the incorporation proceedings and no right of appeal from the decree. The essential point is that it had no right to become a party to the proceeding. If the interests of the old society will be disturbed, as it avers, perhaps there is a remedy. The decisions show that the remedy usually granted in such cases is an injunction against the use of the corporate name by the society last organized. [Internat'l Com. Y. W. C. A. v. Y. W. C. A., 194 Ill. 194; First Pres. Church of Harrisburg, 2 Grant's Cas. 240; Phila. Trust etc. Co. v. Phila Trust Co., 56 Atl. 861; Boston Rubber Shoe Co. v. Boston Rubber Co., 149 Mass. 436; Hendricks v. Montague, L. R. 17 Ch. Div. 638.]

The appeal is dismissed. All concur.