DRAINAGE DISTRICT NUMBER 23 OF NEW MADRID COUNTY, MISSOURI, APPELLANT, v. FRED HETLAGE AND HAZEL HETLAGE, HIS WIFE, RESPONDENTS.—— —— S. W. (2d) ——.

Springfield Court of Appeals.    March 1, 1937.

*J. V. Conran* and *R. F. Baynes* for appellant.

*Finch & Finch* for respondents.

FULBRIGHT, J.   In order to better understand the issues in this case, the pleadings are set out at length.  Omitting the formal parts, the petition and amended answer follow:

### PETITION.

Plaintiff states that it is now and was at all times hereinafter mentioned, a corporation formed, organized, and existing under and by virtue of the laws of the State of Missouri, relative to Drainage Districts.

Plaintiff further states that on the 30th day of October, 1934, the following described real estate situated in New Madrid County, Missouri, to-wit:

South one-half (½) of Section Twenty-two (22), Township Twenty-four (24), Range Thirteen (13), and South one-half (½) of

North one-half (½) of Section Twenty-two (22), Township Twenty-four (24), Range Thirteen (13), was within its boundaries and had an assessment thereon in favor of the plaintiff to the extent of $537.60 for the years of 1928, 1929, 1930, and 1931. That on said date said real estate sold under and by virtue of a judgment rendered in the Circuit Court of New Madrid County, Missouri, cause number 10247, on the 3rd day of August, 1934, in a certain cause wherein the State of Missouri at the relation and to the use of P. J. Stearns, Collector of Revenue for said County, was plaintiff, and Russell McBride, et al., were defendants, for state and county taxes for the years of 1928, 1929, 1930, and 1931. The same was sold to the Defendant Fred Hetlage for the price and sum of $2350, which amount, the said Fred Hetlage paid to the sheriff of New Madrid County, Missouri, and received from same a deed for said property.

Plaintiff further states that by reason of its assessment on said real estate, it has an interest in and to said real estate aforesaid, and an equity of redemption therein and does now tender and agree to pay to defendant Fred Hetlage the said sum of $2350, the amount said Fred Hetlage paid for said real estate and agrees to reimburse the said Fred Hetlage for any other proper charges and expenses that he has been to in improving, caring for, or protecting said real estate.

Plaintiff further states that the defendant Hazel Hetlage is the wife of defendant Fred Hetlage and for that reason is made a party defendant to this suit.

WHEREFORE, plaintiff prays that it may be permitted to redeem said real estate from said sale and that the title be divested from the said Fred Hetlage, and in this plaintiff, and for such orders and judgments as to the Court may seem meet and proper in the premises.

AMENDED ANSWER.

Now at this time comes defendants, leave of Court first had and obtained, and file this their amended answer to plaintiff's petition and for said amended answer admit that plaintiff is a corporation formed, organized and existing under and by virtue of Article II, Chapter 64, Revised Statutes of Missouri, 1929; that on the 3rd day of August, 1934, in cause number 10247, wherein the State of Missouri at the relation and to the use of P. J. Stearns, collector of the revenue of New Madrid County, Missouri, was plaintiff and Russell McBride and others were defendants, judgment was rendered in the Circuit Court of New Madrid County, Missouri, for State and county taxes for the years 1928, 1929, 1930, and 1931; that the property described in plaintiff's petition was advertised and sold for State and county taxes and purchased by the defendant, Fred Hetlage, at a sheriff's sale for the sum of Two Thousand, Three Hundred Fifty-two and 50/100 Dollars ($2,352.50), which amount

the said defendant, Fred Hetlage, paid to the sheriff of New Madrid County, Missouri, and received a deed from the sheriff for said property; and defendants deny each and every other allegation in said petition contained.

Defendants further allege that since the date of said sale defendant, Fred Hetlage, has expended the sum of nine hundred seven and 62/100 dollars ($907.62) for taxes, penalties and fees due to Drainage District Number 12 of New Madrid County, Missouri, and Drainage District Number 23 of New Madrid County, Missouri, for the year of 1932; that he has expended the sum of one thousand four hundred sixty-eight and 80/100 dollars ($1,468.80) for drainage district taxes; that he has expended the further sum of one hundred seventy-five dollars ($175) to acquire quit-claim deed from parties not made parties to the suit for taxes and who had an interest in the land, and that defendant, Fred Hetlage, has expended the further sum of nine hundred ninety-eight and 36/100 dollars ($998.36) for clearing and slashing in connection with clearing the property purchased by defendant and in making repairs and improvements on said property.

Defendants further allege that in said cause number 10247, which was a suit for State and county taxes, the plaintiff was made a party defendant and was properly served in said suit by the sheriff delivering a copy of the petition and summons to the county clerk of New Madrid County, Missouri, and that in the judgment rendered in said cause the claim and lien of plaintiff for taxes on the premises described in plaintiff's petition for the years of 1928, 1929, 1930 and 1931 were extinguished, and the property was purchased by defendant, Fred Hetlage, at the said sheriff's sale, free and clear of any claim or lien of the plaintiff for taxes for the years of 1928, 1929, 1930 and 1931.

Defendants further allege that the plaintiff is a drainage district organized by the county court of New Madrid County, Missouri, under and by virtue of Article II, Chapter 64, Revised Statutes of Missouri, 1929; that the said plaintiff is a creature of the statute and has the powers conferred upon it by the said Article II, chapter 64, and amendments thereto, but cannot exercise powers other than those expressly conferred upon it by the said sections of the statute and those necessarily incident thereto and implied therefrom; that said sections of the statute do not provide that drainage districts organized thereunder shall have the power to redeem real estate sold for State and county taxes, and that no power is conferred by the statute on plaintiff or districts organized under Article II, chapter 64, to redeem sold land for State and county taxes.

Defendants further allege that by the terms of Article II, chapter 64, Revised Statutes of 1929, the county court of New Madrid County, Missouri, is authorized to levy and collect taxes on the lands

within said district, to pay the principal and interest on bonds issued for the purpose of paying the cost of completion of the improvements of said district, and that the proceeds of any taxes so levied can be used only for the purpose of paying the principal and interest of outstanding and unpaid bonds, but for no other purpose; that there are, at this time, many outstanding bonds of said district unpaid, and defendants say that the county court of New Madrid County has no power or authority to expend any of the funds of said district raised by taxes on the lands of said district under its levy for interest and sinking-fund purposes; for any purpose save and except to retire bonds or pay interest on outstanding bonds; and defendants further aver that it is provided in said article and chapter aforesaid that the County Court Drainage District may levy and collect a tax to be used in maintaining, preserving, restoring, repairing and strengthening the drains, ditches, levees and other work of the district, but that said tax levied for such purpose can be used only for the purpose for which it is levied and for no other purpose, and defendants further aver that all the funds of said district have been raised by taxes on land in said district, levied for either the purpose of retiring bonds and paying interest thereon or maintaining the ditches and drains of said district, and that said district is not authorized to levy or collect funds to be used for the purpose of redeeming land sold for State and county purposes, and that the county court of New Madrid County, in charge of the operation of said district, has no power or authority to expend any of the funds of said district for the purpose of redeeming or attempting to redeem lands in said district sold for State and county taxes.

Defendants further allege that the county court of New Madrid county made no order prior to the institution of this suit, authorizing or attempting to authorize suit to be brought on behalf of said district for the purpose of redeeming the lands hereinbefore described from the sale thereof for State and county taxes, and made no order of record, either appropriating or attempting to appropriate any money of said district for the purpose of redeeming or attempting to redeem said lands from said tax sale, and defendants aver that this suit was brought without authority of said district and without authority to pledge the creditor of funds of said district to be used for the purpose of redeeming said land from said State and county tax sale.

WHEREFORE, having fully answered, defendants pray that the court find that plaintiff is not entitled to redeem said lands and that said district has no right or authority to expend any of its funds for such purposes; that said district has no authority in law to redeem or attempt to redeem its said lands from sale for State and county taxes, and that the court find that defendants are the

owners of said property and that since acquiring title thereto the defendants expended the sums of money heretofore set out in this answer, in the payment of taxes, acquiring outstanding title and the improvement and development of said property and making permanent and lasting improvements thereon, and that if the court should find that plaintiff is entitled to redeem, that it be required to pay to the defendant all sums by them expended in the purchasing of said property, in the payment of taxes and special benefits thereon, for the improvement and development of said property, including the cost of clearing and erecting improvements thereon, and for such further orders and judgment as to the court may seem just and proper.

There is no controversy over the pleadings. The cause was submitted to the trial court on an agreed statement of facts which is as follows:

(1) It is agreed that the plaintiff, Drainage District Number 23 of New Madrid County, Missouri, is a County Court Drainage District, organized and existing under and by virtue of Article II, Chapter 64, of the Revised Statutes of 1929 and the amendments thereto.

(2) It is admitted that prior to the 3rd day of August, 1934, Russell McBride and others were the owners of the following described real estate in New Madrid County, Missouri, to-wit:

The South Half (S½) of Section Twenty-two (22), Township Twenty-four (24), Range Thirteen (13); and the South Half (S½) of the North Half (N½) of Section Twenty-two (22), Township Twenty-four (24), Range Thirteen (13), lying and being in New Madrid County, Missouri, and within the boundary lines of Drainage District Number 23 of New Madrid County, Missouri.

(3) It is further admitted that prior to the 3rd day of August, 1934, P. J. Stearns was the collector of revenue of New Madrid County, Missouri, and that prior to said time as such collector he instituted suit in the Circuit Court of New Madrid County, Missouri, against Russell McBride, Drainage District Number 23 of New Madrid County, Missouri, and others for the recovery of State and county taxes on the above described lands for the years 1928, 1929, 1930 and 1931, and that judgment was duly rendered for said taxes in favor of the State of Missouri at the relation and use of said P. J. Stearns as collector, and that special execution was issued on said judgment and said property sold under said execution, and that at said sale the defendant, Fred Hetlage, was the purchaser at and for the price and sum of two thousand, three hundred fifty-two and 50/100 dollars ($2352.50), which said sum the said Fred Hetlage paid the sheriff of New Madrid County, Missouri, and received sheriff's deed for said property.

(4) It is further admitted that in said suit entitled "State of Missouri at the relation of P. J. Stearns v. Russell McBride and

others," being cause number 10247, summons was issued by the circuit clerk of New Madrid County, Missouri, to Drainage District Number 23 of New Madrid County, Missouri, and that said summons was served on Drainage District Number 23 by serving the clerk of the county court of New Madrid County, Missouri, as appears by copy of said return attached hereto and marked "Exhibit A," and made a part of this agreed statement of facts, and one of the questions for determination in this case is whether or not service of summons on the county clerk was in fact service on plaintiff, Drainage District Number 23.

(5) It is further admitted that plaintiff district had taxes assessed against said lands for the years 1928, 1929, 1930 and 1931, in the total sum of five hundred thirty-seven and 60/100 dollars ($537.60) which said taxes have not been paid, and one of the questions for determination of the Court is whether or not the lien for such taxes was wiped out by the sale of said land to the defendant, Fred Hetlage, under a judgment for State and county taxes for the said years of 1928, 1929, 1930 and 1931.

(6) It is further agreed that defendant Hazel Hetlage is the wife of Fred Hetlage.

(7) It is further agreed that since the purchase of said land by Fred Hetlage at said tax sale, and in addition to the purchase price, he has expended in and about said property, in the improvement thereof and paying taxes thereon, the following amounts, to-wit:

Taxes, penalties and fees paid to Drainage District Number 12 of New Madrid County, Missouri, and drainage taxes on said land to Drainage District Number 23 for the year 1932, as per tax receipts hereto attached and marked "Exhibit A" ...............$907.62

Additional drainage taxes on said land, as per tax receipts hereto attached and marked "Exhibit B" ....................$1468.80

Money paid to acquire quit-claim deed from parties in interest, but not parties to the tax suit ...........................$175.00

Money expended for clearing and making repairs and improvements on said property, as per itemized statement hereto attached and marked "Exhibit C" ............................$998.36

(8) It is further admitted that prior to the institution of this suit the county court of New Madrid County had made no order of record authorizing or directing the bringing of any proceedings on behalf of said drainage district, for the purpose of redeeming or attempting to redeem the lands involved in this suit, or authorizing or attempting to authorize the payment of any funds by said district, for the purpose of redeeming said lands from the tax sale under which defendants claim title.

(9) It is further admitted that the plaintiff, Drainage District Number 23, has on hand only the funds in the hands of the county treasurer of New Madrid County, Missouri, as follows:

Interest and Sinking Fund ...................$14,414.23
Maintenance Fund .......................... 545.29

It is further admitted that the district has already paid all bonds maturing in 1936 and will owe for interest during 1936 the sum of one thousand fifty ($1050) dollars, after the payment of which there will be a balance on hand in the interest and sinking fund account of thirteen thousand, three hundred sixty-four and 23/100 dollars ($13,364.23). It is agreed that the district has outstanding unpaid bonds in the principal sum of twenty-six thousand dollars ($26,000), the final maturity date being August 1, 1941.

(10) It is further admitted that the certified copies of orders of the county court of New Madrid County, Missouri, hereto attached and marked "Exhibit D," are the orders made by said county court with reference to the appointment of an attorney and that said orders have not been rescinded.

## "Exhibit A"

"Executed the within writ in the County of New Madrid and State of Missouri on the 18th day of April, 1933, by delivering a copy of the petition and summons as furnished by the Clerk of the Circuit Court of New Madrid County, Missouri, to R. L. Jones for Drainage District Number 23 of New Madrid County, Missouri, a corporation, he being County Clerk and first served."

(Exhibits A and B mentioned in paragraph 7 are tax receipts about which there is no dispute.)

(Exhibit C is not copied herein for the reason there is no dispute about same as it shows the amount of $998.36 expended by defendants as stated in the agreed statement of facts.)

## "Exhibit D"

State of Missouri )
County of New Madrid ( SS

August Term, 1934

In the county court of said county, on the 10th day of September, 1934, the following, among other proceedings were had, viz.: In the Matter of Appointment of Drainage Tax Attorney:

Whereas, on the 20th day of November, 1933, the Hon. H. C. Riley resigned his appointment as county drainage tax attorney, and this court at that time then appointed Hon. R. F. Baynes as said county drainage tax attorney, until the further order of this court, and

Whereas, on the 22nd day of August, 1933, this court appointed James V. Conran, the county prosecuting attorney, as general counsel and attorney for all the county drainage districts, among other matters, to apply for loans from the Reconstruction Finance Corporation to refinance the said county drainage districts in an effort to aid and relieve the taxpayers of this county, and

'Whereas, the said applications were duly filed, appraisements made, and consideration is now being made of the said applications in Washington, D. C., and

· Whereas, the court believes it to the best interest of the taxpayer to have the delinquent tax bills under the supervision of the said general drainage attorney for the purpose of possible compromise in the attempted refinancing of the said county drainage district, it is

Therefore, ordered and adjudged by this court that on and ·after this date, James V. Conran be, and he is hereby appointed tax attorney for all the said county drainage districts, until the further orders of this court, together with his previous appointment as general attorney and counsel, to work under the direction of this court; and all prior orders pertaining to the appointment of a county drainage tax attorney are hereby, as of this date, rescinded and for naught held.

It is directed that a certified copy of this order be delivered by the clerk to the county collector and to the now and prior county drainage tax attorneys.

"EXHIBIT DD"

State of Missouri } SS
County of New Madrid {

August Term, 1933

In the county court of said county, on the 22nd day of August, 1933, the following among other proceedings, were had, viz.: In the Matter of the Several Drainage Districts—Refinancing:

The county court hereby appoints James V. Conran to act as attorney for the several county drainage districts in securing a loan to refinance them, and hereby directs him as such attorney to proceed and file an application with the Reconstruction Finance Corporation to refinance the several county drainage districts. And it is further ordered that the said James V. Conran be allowed to secure the services of others in this work, at his discretion, without additional expense.

OPINION.

In said agreed statement of facts, it is stipulated that "one of the questions for determination in this cause is whether or not services of summons on the county clerk was in fact service on plaintiff, Drainage District No. 23," and that another one of the questions for determination by this court is whether or not the lien. for taxes assessed by plaintiff, against said lands for the years 1928, 1929, 1930, and 1931 in the sum of $537.60 was extinguished by the sale of the lands to Fred Hetlage, under a judgment for State and county taxes for the years 1928, 1929, 1930 and 1931. We shall consider these two issues in the order mentioned.

Appellant contends that service of process in the tax suit referred to in the agreed statement of facts as "Cause No. 10247" for State

and county taxes was not sufficient to authorize a judgment against it foreclosing its equity of redemption in the State and county tax sale. Otherwise, the regularity of the suit to collect the State and county taxes is not challenged by appellant. In support of its contention of insufficient service, appellant cites sections 728 and 10814, Revised Statutes Missouri 1929.

In passing on the question of service in said tax suit, it must be borne in mind that Drainage District No. 23 of New Madrid County is a *county court* drainage district, organized under and by virtue of the provisions of Article II, Chapter 64, Revised Statutes Missouri 1929; that nowhere in said article, or elsewhere in the statutes, is there any provision as to the manner of serving process on drainage districts organized and existing under and by virtue of the provisions of said Article II; nor have we been able to find any case dealing with the question of how a county court drainage district shall be served with process.

Section 10814, Article II, Chapter 64, Revised Statutes Missouri 1929, cited by appellant throws no light upon the subject. Among other things, said section provides: "If the court finds in favor of making the improvement, it shall, by order of record, incorporate the land and other property described in the report of the viewers and engineer or any part thereof into a drainage district for the purpose of this article, and shall designate the same by number. Such district shall be a body corporate and a political subdivision of the State, shall possess the usual powers of a corporation for public purposes, shall be capable of suing and being sued in its corporate name and shall be capable of holding such real and personal property as may be at any time either donated to or acquired by it in accordance with the provisions of this article or of which it may be rightfully possessed at the time of the passage of this article."

This section does not provide the manner of serving such districts so created. Under the provisions of Article II, Chapter 64, Revised Statutes Missouri 1929, and amendments thereto, the county court is the administrative body of drainage districts created thereunder, has the complete management and control thereof, makes and administers all improvements therein, and levies all taxes authorized to be levied and collected by such districts.

Section 10843 of Article II, Chapter 64, Revised Statutes Missouri, reads as follows: "County Courts to Have Management and Control of Drainage Districts.—For the purpose of maintaining, preserving, restoring, repairing, strengthening and replacing the drains, ditches and levees, of the drainage districts of this State, now or hereafter organized and existing under and by virtue of the provisions of this article, the several county courts of this State are hereby vested with the continuous management and control of said drainage dis-

tricts and for the purpose of maintaining said ditches, drains and levees, all the drainage districts in a county on a petition signed by a majority of the landowners owning a majority of the acres of land in each district in such county may be treated and administered as a unit for such purpose in conformity with all the provisions of sections 10842 to 10847, inclusive.''

In other words, the county court, as a court, manages such *county court* drainage districts in the same manner as it manages the affairs of the county. Since the county court has the exclusive management, control and direction of the activities of a *county court* drainage district organized and existing under and by virtue of the provisions of Article II, Chapter 64, Revised Statutes Missouri 1929, and amendments thereto, in the same manner and to the same extent as it has in the management of county affairs, in the absence of any statutory provisions as to the method of serving such district, we hold that such drainage district is properly served with process when served in the same manner that process is served on county courts. [Sec. 728, Revised Statutes Missouri 1929.] Consequently, it is our opinion that proper service was had upon appellant, Drainage District No. 23 in the suit for State and county taxes, as shown by the sheriff's return in the suit designated as ''Cause No. 10247'' in the agreed statement of facts.

Appellant, Drainage District No. 23, having been properly served as a party in the suit for State and county taxes referred to in the preceding paragraph, its lien for delinquent annual ditch taxes levied for the years 1928, 1929, 1930 and 1931 was extinquished by the sale to Fred Hetlage of the lands in question, under the judgment in said suit for State and county taxes. [Little River Drainage District v. Shepard, 320 Mo. 341, 7 S. W. (2d) 1013; McAnally v. Little River Drainage District, 325 Mo. 348, 28 S. W. (2d) 650; Sec. 10828, Revised Statutes Missouri 1929.]

Assuming that appellant, Drainage District No. 23, had not been made a party to the suit for State and county taxes, the question arises whether the district has the power under the statute to redeem the lands from the purchaser at said State and county tax sale.

An examination of Article II, Chapter 64, Revised Statutes Missouri 1929, relative to *county court* drainage districts does not disclose any provision granting such districts power to redeem from sale for State and county taxes; nor any provision from which such power can be inferred. Drainage District No. 23 is a political subdivision of the State, is a creature of the statute, and as such, can exercise only those powers expressly conferred upon it, or those necessarily implied from the powers expressly granted.

In Holly v. Rolwing, 87 S. W. (2d) 651, this court in passing upon the rights of a circuit court drainage district and a levee district, said: ''The two districts exist solely by right of statute, and

have no rights except as conferred by the statutes. Since their rights are statutory, and since the identical question before us, so far as drainage districts and levee districts are concerned, has not been directly passed on by the courts of our State, we must, of necessity, largely look to the provisions of our statutes for our conclusions." It was held in this case that: "Since drainage districts are created by statute and governed solely by statutory provision, and since there are no provisions in the statute authorizing any procedure to reach the surplus from sales under proceedings to collect general taxes, we are forced to conclude that the drainage district is precluded by the statutory provisions and is authorized to act only as set out in the statutes."

Ordinarily, the holder of an inferior lien has the right of redemption where it is not made a party or not served in a suit by the holder of a superior lien to foreclose its lien. It does not follow, however, that appellant herein has a right to redeem, and we do not think such conclusion can be drawn from the case of Little River Drainage District v. Shepard, 7 S. W. (2d) 1013, nor case of Dyer et al. v. Harper et al., 77 S. W. (2d) 106, cited by appellant in support of this theory. In each of the cases supra the drainage district involved was a *circuit court* drainage district, organized under the provisions of Article I, Chapter 64, Revised Statutes Missouri 1929, and amendments thereto. Section 10766 thereof expressly grants *circuit court* drainage districts the right, under certain circumstances, to bid on real estate offered for sale for State and county taxes and the right to redeem, but *no such power or authority is vested by said section in county court districts*. Said section 10766 supra, reads as follows: "Board of supervisors to protect lien of drainage district.—To protect said lien of said drainage taxes upon the lands and other property against which said taxes shall be levied, in any case where delinquent lands are offered for sale for such delinquent taxes, and the amount of the tax due, together with interest, cost, penalties is not bid for the same, the board of supervisors shall have authority to bid or cause to be bid, not to exceed the whole amount due thereon, as aforesaid, in the name of the drainage district, and in case such bid is the highest bid, the sheriff shall sell and convey such lands to such drainage district, and such lands shall thereupon become the property of the drainage district, and may be held, disposed of, and conveyed by the board of supervisors at such price and on such terms, as in the discretion of the board of supervisors may be to the best interest of the district. If such lands, or other property, are sold by the board of supervisors the purchasers thereof shall take the same subject to all said drainage taxes thereafter becoming due, the same as all other lands and other property in the district. The board of supervisors shall also have authority to protect the lien of the drainage district for

drainage taxes by paying the general, state, county, school and road taxes, and in case the lien of the State for such general, State, county school and road taxes is foreclosed, and the land, or other property, sold for such general taxes, and the said drainage districts is not made a party to the proceedings foreclosing the said lien for such general taxes, the said board of supervisors shall be authorized at any time within one year after said sale to redeem such lands, by paying not to exceed the whole amount of such taxes, together with penalties and costs accrued thereon.''

It will be noted that Section 10766, Revised Statutes Missouri 1929, was added by amendment to Article I of Chapter 64, relative to circuit court drainage districts in 1927. [Laws of Missouri, 1927, page 121.] Prior to the enactment of this section, the inference is that there was no statutory provision vesting such power or authority in circuit court drainage districts. We conclude, that from the legislative construction of Article I, Chapter 64, as indicated by the subsequent amendment thereof, drainage districts organized under the provisions of said Article I, Chapter 64, did not have the power to bring suit to redeem or to bid at tax sales for State and county taxes prior to this amendment, and that consequently, it enacted this statute for the purpose of expressly conferring such authority upon circuit court districts. While this legislative interpretation is not conclusive, it is highly persuasive. [59 C. J., page 1033; State v. Long-Bell Lumber Company, 12 S. W. (2d) 64, l. c. 80; Evans v. McLalin, 175 S. W. 294.]

''An amendment of a statute may constitute a legislative interpretation of the amended act which will be considered by the courts, and such amendment has been accepted as controlling evidence of the legislative intention, which will be followed by the courts unless manifestly erroneous.'' [59 C. J., page 1035.]

The rule is well stated in United States v. Bashaw, 50 F. 754, 1 C. C. A. 653, when it was said: ''The very fact that the prior act is amended demonstrates the intent to change the preexisting law, and the presumption must be that it was intended to change the statute in all the particulars touching which we find a material change in the language of the act.'' [See also Springfield Grocer Company v. Walton, 95 Mo. App. 526, l. c. 533, 69 S. W. 477; and Duff v. Karr, 91 Mo. App. 16.]

The fact that in 1927 the Legislature by amendment added Section 10766, conferring such power upon circuit court districts without granting similar power to county court districts, denies, by implication, the right of county court districts to redeem from sale for State and county taxes. Especially is this true since prior to said amendment circuit and county court drainage districts had almost identical powers.

Sec. 1102, Vol. II, Revised Statutes Missouri 1929, cited by appellant, reads in part as follows: "Drainage or levee districts heretofore or hereafter incorporated under any of the drainage or levee laws of this State where lands are offered for sale *for their own taxes* (italics ours) or assessments due thereon, shall be and are hereby authorized to buy such lands at not to exceed the amount of such taxes, assessments, interest, penalties and costs."

It also further provides, among other things, for the sale of lands so purchased, but nowhere does it say anything whatever about the right to *redeem from State and county taxes*. Since this section confers power to bid at a sale for the district's *own* taxes, but is silent as to the right to bid at a sale for *State and county* taxes, the presumption is that the Legislature intended that the district should not have the power to bid as to State and county taxes. [Deitrich v. Jones et al., 56 S. W. (2d) 1059; Chilton v. Drainage District No. 8, 63 S. W. (2d) 421.]

As insisted by respondent, the maxim *"Expressio unius est exclusio alterius,"* is applicable. [Keane v. Strodtman, 18 S. W. (2d) 896.] Applying the maxim to the facts in the case before us, the conclusion follows that the grant of the right to bid at sales for taxes due Drainage District No. 23, by implication, excludes the right of the district *to bid at a sale for State and county taxes, or to redeem therefrom.*

Since the rights of a drainage district are statutory, and since the identical question before us, so far as county court drainage districts are concerned, has not been directly passed upon by the courts of our State, we must of necessity, largely look to the provisions of our statutes for our conclusions, as was stated in the case of Holly v. Rolwing, supra. Since drainage districts are created by statute and governed solely by statutory provisions, and since there are no provisions in the statutes relative to the organization and administration of county court drainage districts authorizing such county court districts to redeem lands sold for State and county taxes, we hold that such districts are without authority so to do.

In conclusion, we hold that appellant, Drainage District No. 23, was properly served with process in the tax suit wherein the State of Missouri at the relation and to the use of P. J. Stearns, Collector of the Revenue of New Madrid County, Missouri, was plaintiff, and Russell McBride and others, including appellant herein, were defendants; that the lien for delinquent taxes due appellant for the years 1928, 1929, 1930 and 1931 was extinguished by the sale of said lands to the respondent, Fred Hetlage, under the judgment in said tax suit for State and county taxes for the years 1928, 1929, 1930 and 1931; and that said appellant, being without statutory authority,

either expressed or implied, to redeem in case of sales of lands for State and county taxes, was, and is, without authority to bring this action.

It is unnecessary to pass on other points raised. The judgment of the trial court is affirmed. *Allen, P. J.,* and *Smith, J.,* concur.