PEARL DAVIS, J. R. DAVIS, JR., and S. P. RAIDT, Appellants, v. MRS. J. Q. STEPHENS and ST. JOHN LEVEE & DRAINAGE DISTRICT OF MISSOURI, a Corporation, Defendants, ETHEL S. EDWARDS, Appellant.—124 S. W. (2d) 1132.

Division One, February 8, 1939.

*Sharp & Sharp* for appellants.

*Ashby & Banta* for respondents.

DOUGLAS, J.—This is an action to quiet title. The land involved is the Northwest Quarter of the Northwest Quarter, the Southwest Quarter of the Northwest Quarter and the Northwest Quarter of the Southwest Quarter of Section 23, Township 24 North, Range 15 East in New Madrid County which includes a total of one hundred and twenty (120) acres. It comprises three forty-acre tracts lying along the western line of the section extending from north to south. We shall refer to these tracts as the north 40, the middle 40 and the south 40. The plaintiffs are Pearl Davis, her son and only bodily heir, J. R. Davis, Jr., and her mother, Sarah P. Raidt.

The parties are in agreement that Thomas G. Raidt is the common source of title. He died in 1921 owning the land in question and leaving a will and codicil by which he devised said land to his daughter Pearl Davis and her bodily heirs subject to an annual charge of $1 per acre on all the cleared land for the benefit of his wife, Sarah P. Raidt.

In 1924 Sarah P. Raidt brought suit against her daughter, Pearl Davis and her grandson, J. R. Davis, Jr., because of the nonpayment of the annual charge of $1 per acre as to the middle 40 and the south 40. The north 40 was not involved in this suit. Judgment was obtained and these two tracts were sold to satisfy the judgment. They were bought in by Sarah P. Raidt who conveyed them by warranty deed back to her daughter Pearl Davis.

Later, in 1925, suit was filed by the St. John Levee & Drainage District, hereinafter referred to as the "Drainage District" one of the defendants herein, against Pearl Davis as the owner of the three tracts for levee and drainage taxes for the years 1923 and 1924. Personal service was obtained on Pearl Davis. Neither Sarah P. Raidt nor J. R. Davis, Jr., were included as parties defendant. The suit went to judgment which was then permitted to lie dormant.

Some five years later a suit was filed against Pearl Davis by L. D. Marlowe, Collector of New Madrid County for delinquent State, school and county taxes for the years 1926, 1927 and 1928 on all three tracts. The Drainage District was also made a defendant. Service was had on the Drainage District but no service was had on Pearl Davis as to whom there was a *non est* return. Judgment was

entered and the land sold under execution to Mrs. J. Q. Stephens, one of the 'defendants in the instant case who, on March 31, 1934, conveyed said land to Ethel S. Edwards, another defendant herein.

Finally, on September 18, 1934, execution was had on the judgment obtained in the Drainage District case, a sale was held and the three tracts bought in by the Drainage District.

In the case at bar the trial court found that the Drainage District was the owner of a life estate in all said land during the life of Pearl Davis; that Sarah P. Raidt was entitled to $1 per annum on the north 40, to begin with the annual payment for 1925 together with interest at six per cent; that J. R. Davis, Jr., was the owner of the remainder interest in all said land; that defendant Ethel S. Edwards was entitled to receive the sum of $862.26 for taxes paid by her less rents collected by her, said amount to constitute a lien on the interest of the Drainage District in said lands and if not paid within thirty days, then its interest to be vested in Ethel S. Edwards. The plaintiffs and defendant Ethel S. Edwards have appealed.

Plaintiffs contend that since Pearl Davis was not served in the suit brought by L. D. Marlowe, Collector of New Madrid County, the judgment in that suit in no way affected her interest in the land. This is undisputed. However, plaintiffs contend further that the execution sale under the judgment for State taxes in said suit extinguished the judgment lien of the Drainage District so that the sale under the latter judgment for levee and drainage taxes was a nullity. The contention is based on the argument that the State's lien for its taxes is superior to all other liens, even though they may be prior in time. In Little River Drainage District v. Sheppard, 320 Mo. 341, 7 S. W. (2d) 1013, we held that while the lien for State and county taxes shall be paramount, the lien of a drainage district for its taxes is not destroyed by a proceeding for the foreclosure of the lien for State and county taxes unless the Drainage District is made a party to the proceeding in order to give it an opportunity to pay the general taxes and thereby protect its lien. [See, also, McAnally v. Little River Drainage District, 325 Mo. 348, 28 S. W. (2d) 650; Drainage District No. 23 of New Madrid County v. Hetlage, 231 Mo. App. 355, 102 S. W. (2d) 702.]

Since the Drainage District was made a party to the suit by the collector, such ruling would be applicable here except for the fact that no service was obtained on Pearl Davis, the owner of the property. The suit by the collector was to foreclose the lien for State taxes on the interest which Pearl Davis had in the land, not on any interest which the Drainage District may have had because of its judgment lien. She was a necessary party to give the court jurisdiction of the case. Without her it had no jurisdiction to make any order in respect of the lien of the Drainage District. As she was not a party, the judgment was a nullity as was the sale under it and

the lien of the Drainage District was in no way affected. A case on similar facts is Missouri Real Estate & Loan Co. v. Gibson et al., 282 Mo. 75, 220 S. W. 675. That was a suit on a special tax bill. The defendants were the owner of the property and the beneficiary under a deed of trust secured by the same property. The owner was not served but the beneficiary was. The question presented was whether the plaintiff, under such circumstances where the owner of the property was not served and therefore not a party, could enforce the lien of his special tax bill against the lien held by the beneficiary under the deed of trust. We held that he could not as the court was entirely lacking in jurisdiction so far as the enforcement of the plaintiff's lien was concerned, since the owner of the property as distinguished from a mere lienor, was not a party defendant.

We followed this decision in City of Springfield ex rel. Southern Mo. Trust Co. v. Ransdell, 305 Mo. 43, 264 S. W. 771, where we said that in a suit to foreclose a superior lien the owner of an inferior or junior lien, if sued alone, is not such an owner as to give the court jurisdiction to proceed with such a foreclosure.

Plaintiffs, in advancing their argument, rely on the general rule that where a judgment is obtained against two persons, one served with process and one not served, the judgment is not void as to the person served. [Boyd v. Ellis, 107 Mo. 394, 399, 18 S. W. 29; Skillman v. Clardy, 256 Mo. 297, 321, 165 S. W. 1050.] The facts in neither of those cases are apposite here because in each the party who was actually served was the owner of the land so that the court had jurisdiction to render judgment against the party served.

We conclude that in the collector's suit, since the court had no jurisdiction and the judgment and sale were void, that defendant, Mrs. J. Q. Stephens acquired no interest in the property through her purchase at such sale. Therefore she conveyed no interest in the land through her deed to defendant, Ethel S. Edwards.

We now turn back to the source of plaintiff's title. Under the will of Thomas G. Raidt, the devise to Pearl Davis and her bodily heirs vested a life estate in Pearl Davis with remainder over in fee to J. R. Davis, Jr., her only bodily heir at the time of the suit. [Sec. 3108, R. S. 1929, Mo. Stat. Ann., p. 1934.]

By a codicil to his will Thomas G. Raidt made the above devise subject "to the payment by each of my said children on their bodily heirs of the sum of $1 per acre per annum on all cleared lands therefrom at the time of my death, to my beloved wife, Sarah P. Raidt, during her natural life, and that said annual payments shall be and constitute a lien upon said land until all such payments are fully paid." This language can leave no doubt that the charge was upon and secured by the land itself and not by the estates alone of the children in their respective portions of the land. Such charge created an equitable lien (Dudgeon v. Dudgeon, 87 Mo. 218) and

could be enforced. [Byrne v. Byrne, 250 Mo. 632, 157 S. W. 609; Murphy v. Carlin, 113 Mo. 112, 20 S. W. 786; Pomeroy's Equity Jurisprudence (3 Ed.), sec. 1244.] The method of enforcing the payment of such a lien is by the sale of the property charged in analogy to proceedings for the foreclosure of a mortgage. [Houck v. Herrick, 179 Ill. App. 274. See, also, Daly v. Wilkie, 111 Ill. 382; Sherman v. Sherman, 86 Mass. 392; Will of Root, 81 Wis. 263.]

This charge was not paid and Sarah P. Raidt brought suit for its collection against Pearl Davis and J. R. Davis, Jr. The record shows that this suit was limited to the middle 40 and the south 40, but did not include the north 40. Judgment was obtained and on sale the property was bought in by Sarah P. Raidt. Later she conveyed it back to Pearl Davis by warranty deed, free of any charge or condition. This vested the fee-simple title in these two tracts in Pearl Davis, who owned them at the time suit was brought against her by the Drainage District, together with a life estate in the north 40. By its purchase at the sale under execution in that suit, the Drainage District acquired the fee-simple title to the middle 40 and south 40 and a life estate during the life of Pearl Davis in the north 40. As Sarah P. Raidt and J. R. Davis, Jr., were not parties to that suit, their respective interests in the north 40 were not affected. Sarah P. Raidt retains her lien against said tract of $1 per annum per cleared acre and J. R. Davis, Jr., his remainder. The interest of the Drainage District, as the trial court found, is subject to a lien in favor of Ethel S. Edwards for the sum of $862.26 for taxes paid on said lands and improvements, less such rents as may have been collected by her.

In view of the conclusions we have reached it is not necessary to discuss the other arguments advanced by the parties.

The judgment should be reversed and the cause remanded with directions to the trial court to enter a judgment in harmony with the findings herein. It is so ordered. All concur.