STATE OF MISSOURI ex rel. J. A. ROUVEYROL, Commissioner of Finance, and UNIVERSITY BANK, a Corporation, Relators, UNIVERSITY BANK, a Corporation, Appellant, v. PHIL M. DONNELLY, Governor, JAMES T. BLAIR, JR., Lieutenant-Governor, and JOHN M. DALTON, Attorney General, Members of the Board of Appeals, and C. H. GOPPERT, R. E. OLIPHANT, M. A. VODNEY, C. L. KEYSER and PORTER C. JEFFRIES, Intervenors, Respondents, No. 44843—285 S. W. (2d) 669.

Court en Banc, January 9, 1956.

*John W. Oliver* and *Henry Andrae* for petitioner; *Caldwell, Downing, Garrity & Eastin* and *Hendren & Andrae* of counsel.

688

*James T. Riley* and *Ike Skelton* for intervenors; *Skelton & Bradley* of counsel.

[672] STORCKMAN, J.—This appeal grows out of a proceeding to incorporate a bank under the provisions of Chapter 362, RSMo 1949, V.A.M.S. The commissioner of finance refused the charter and the proposed incorporators appealed to the board of bank appeals. The board overruled and set aside the decision of the commissioner of finance and ordered him to grant the certificate of incorporation. The commissioner and an objecting bank were granted a writ of review by the Circuit Court of Cole County. After a hearing the circuit court dismissed the application for a writ of certiorari or review and ordered that the writ be quashed. The objecting bank then filed a notice of appeal to this court. The bank also filed in this court a mandamus action, the object of which is to require the judge of the Circuit Court of Cole County to hear the case and review the order of the board of appeals on its merits. The mandamus action, No. 44,831, [673] and the appeal, No. 44,843, were consolidated for argument in this court.

On January 18, 1952, Clarence H. Goppert and four others, herein sometimes referred to as the proposed incorporators, filed their application for a bank charter with the commissioner of the Division of Finance. The proposed location of the bank is in a place known as Dodson which, at the time the application was filed, was an unincorporated area just outside of the southern limits of Kansas City in Jackson County. On July 13, 1953, the commissioner, J. A. Rouveyrol, refused to issue the charter and so notified the proposed incorporators who thereafter, on July 21, 1953, appealed to the board of appeals as provided in § 362.045, RSMo 1949, V.A.M.S. This board, composed of the governor, the lieutenant-governor and the attorney general, held hearings on September 9 and October 9, 1953, and on March 8, 1954, a majority of the board reversed the order of the commissioner of finance and ordered the bank charter to issue. Attorneys representing the University Bank of Kansas City appeared at the hearings before the board of bank appeals on September 9 and October 9, and opposed the granting of the charter.

On March 25, 1954, J. A. Rouveyrol, "a person interested in the order of the Board of Appeals, both in his official capacity as Commissioner of Finance, and also as a person interested in representing the position of the Protestant in the above entitled cause"; and the University Bank, "the Protestant herein, a corporation interested in the order of the Board of Appeals," petitioned the board of appeals for a rehearing. On the same day the board of appeals,

by unanimous action, purporting to act in accordance with its rule-making power, § 362.045, ¶ 1, made an "Order Regarding Application for Rehearing" which stated that the board "acknowledges receipt and accepts jurisdiction of said Application for Rehearing, and by this order determines and provides that the time for appeal to the Circuit Court of Cole County, Missouri from the ultimate decision of this Board of Appeal shall be 'within thirty days after the application for rehearing is denied, or if the application is granted, then within thirty days after the rendition of the decision on rehearing,' as provided in Section 386.510, R. S. Mo., 1949, to which express reference is made by Paragraph (3) of Section 362.045." Thereafter, on April 1, 1954, the incorporators of the proposed bank of Dodson filed with the board of appeals a motion to strike the application for rehearing or, in lieu thereof, to overrule the same, alleging among other reasons that neither the commissioner of finance nor the University Bank were proper parties to the proceedings. On June 10, 1954, the board of bank appeals, by a majority vote with the governor dissenting, entered its order overruling relators' application for rehearing.

On June 15, 1954, the commissioner of finance and the University Bank filed their application for a writ of review in the Circuit Court of Cole County, Missouri, and the court issued its writ of certiorari or review to the board of bank appeals. A return was made by the members of the board of July 8, 1954, and the entire record, including transcripts of the evidence and the documents before the board of appeals, was lodged with the circuit court. On July 17, 1954, the proposed incorporators filed a motion to intervene in the Circuit Court of Cole County, which was granted. The proposed incorporators then filed their motion to dismiss relators' application for review and to quash the certiorari or review, in which they reiterated their contention that the relators had no legal standing in the matter as parties to the proceedings either before the board of appeals or before the circuit court.

The entries on the circuit judge's docket for September 8, 1954, are as follows: "Parties announce ready. Motions presented and taken with the case. Trial by the Court. Passed for submission of briefs. Mr. Skelton granted 10 days to file brief. Mr. Oliver granted 5 days thereafter to file brief." On December 2, 1954, the court granted the motion of the proposed incorporators [674] to dismiss relators' application for a writ of certiorari or review, and the proceedings for a review by the relators was dismissed and the writ quashed on the ground that "the relators have no standing" in the case.

On December 11, 1954, the relators filed their joint motion to set aside the order dismissing relators' application for a writ of certiorari or review and to set aside the order quashing the writ of certiorari or

review. Relators' motion was presented to the court on January 3, 1955, and taken under advisement. On February 5, 1955, the court refused to give a form of order offered by the commissioner of finance and the University Bank entitled, "Order and Statement of Grounds of Decision Regarding Intervenors' Motion to Dismiss Relators' Application for Review and to Quash the Certiorari or Review." This proposed order related to declarations with respect to jurisdiction, procedure and parties on the appeal. On the same day, February 5, the court overruled and denied relators' motion to set aside its order dismissing and quashing the writ of certiorari or review.

On February 14, 1955, the University Bank, as relator, filed its petition for writ of mandamus directed to the judge of the Circuit Court of Cole County in which it was charged that the court had a duty under the constitution and statutes to review on its merits the order of the board of bank appeals and that it had not done so. On February 15 the "University Bank, one of the Relators above named" filed its notice of appeal to this court. It will be noted that the commissioner of the Division of Finance is not a party to the petition for a writ of mandamus nor did he appeal from the decision of the circuit court. The University Bank alone is the relator and appellant in this court.

■ In considering the questions involved, it is well to bear in mind that the subject matter with which we are dealing is the exercise of the police power of the state. This has been defined as "the power inherent in a government to enact laws, within constitutional limits, to promote the order, safety, health, morals, and general welfare of society." 16 C.J.S. 537, § 174. State ex rel. Carpenter v. City of St. Louis, 318 Mo. 870, 2 S.W.2d 713, 722 [13]. It is generally recognized that "the banking business is properly subject to reasonable legislative regulation under the police power of the state." 9 C.J.S. 32, §. 5. In State on Inf. of Taylor, Atty. Gen. v. Currency Services, Inc., 358 Mo. 983, 218 S.W.2d 600, 605 [8, 9], this court, in considering our banking statutes, quoted with approval from a decision by the Supreme Court of Illinois [Wedesweiler v. Brundage, 297 Ill. 228, 130 N.E. 520] as follows: " 'The privilege of engaging in any lawful business is the right of every individual, of which no one can be deprived except by a general law acting equally on all individuals in the same situation. It is subject to the police power, and must be exercised in accordance with the requirements of statutes passed in the exercise of that power for the protection of the public.' "

■ The state cannot divest itself of the right to exercise the police power. State ex rel. Kansas City Public Service Co. v. Latshaw, 325 Mo. 909, 30 S.W.2d 105, 109 [5]. It cannot be delegated to private persons. State ex rel. Normandy Fire Protection District v. Smith, 358 Mo. 572, 216 S.W.2d 440, 16 C.J.S. 548, § 178. The police power can be delegated to subordinate state agencies and can

be exercised by such agencies to the extent of such delegation of authority. State ex inf. Gentry v. Curtis, 319 Mo. 316, 4 S.W.2d 467, 470 [2]. Within these limitations it is for the General Assembly to say to what extent the police power shall be exercised in the regulation of the incorporation of banks and in what manner and by whom it shall be used. A person, official or private, can have no greater part in the exercise of the police power than is accorded him by law.

 The first question for our determination is whether the commissioner of finance and the protesting University Bank were parties to the incorporation proceedings [675] before the board of appeals so as to be entitled to a review in the circuit court and here. The amendment to the banking laws made by the 68th General Assembly expressly provided that pending appeals "shall be determined by such board [of appeals] in accordance with the law in effect prior to the effective date of this section." § 361.094, RSMo. Cum. Supp. 1955, L. 1955, H.B. 212, § 4. Due to this saving clause we need not concern ourselves with the amended statute except as it may be of aid in the construction of the statutes applicable to this pending case.

The provision for judicial review of the decisions of the board of bank appeals, § 362.045, subsection 3, RSMo 1949, V.A.M.S., is as follows: "The decision of the board may be reviewed by the circuit court as provided in section 386.510, RSMo 1949." The statute referred to is the provision for review of decisions of the public service commission. Section 386.510 in part provides: "Within thirty days after the application for a rehearing is denied, or, if the application is granted, then within thirty days after the rendition of the decision on rehearing, the applicant may apply to the circuit court of the county where the hearing was held or in which the commission has its principal office for a writ of *certiorari* or review (herein referred to as a writ of review) for the purpose of having the reasonableness or lawfulness of the original order or decision or the order or decision on rehearing inquired into or determined." The statute further provides: "The commission and each party to the action or proceeding before the commission shall have the right to appear in the review proceedings."

The appellant would have us go beyond the confines of § 386.510 for a determination of who is a proper person to apply for a rehearing before the board of bank appeals. It contends that it is an interested party within the meaning of § 386.500, subsection 1, which provides: "After an order or decision has been made by the commission any corporation or person or public utility interested therein shall have the right to apply for a rehearing in respect to any matter determined therein, * * *." Even if we were permitted to determine the parties to this proceeding according to the provisions of the public service act, the appellant would not qualify as such.

Section 386.420 of the public service commission act expressly provides who the persons are that shall be entitled to be heard and to introduce evidence. Among the parties provided for are "such corporations and persons as the commission may allow to intervene." The decisions of this court have uniformly regarded the statute as requiring an interested person to make a showing of interest and become a party by intervention. In the case of State ex rel. Consumers Public Service Co. v. Public Service Commission, 352 Mo. 905, 180 S.W.2d 40, the appellants were electric public utility companies permitted by the commission to intervene. The respondents moved to dismiss the appeal on the ground that the appellants had no substantial interest that would entitle them to intervene before the commission, to file a petition for rehearing or to prosecute review proceedings. This court considered what "interest must be involved to entitle anyone to become a party before the Commission" and stated, l.c. 45: "The Legislature has provided statutory methods for speedy and efficient review. The question here is: To whom did the Legislature intend to make this method of review available? Since the public welfare is involved in every Commission case (and is the controlling factor in its decision), to a certain extent every citizen is interested in all its cases. But it is certainly not intended that every citizen may participate in any case. That would prevent the Commission from functioning efficiently." And, further, l.c. 46: "The reasonable construction seems to be that the interest necessary to authorize intervention should be the same as that required to become a complainant upon whose complaint a case is commenced." In dismissing one of the appeals, the court stated, l.c. 47: "Certainly this could have been shown by evidence, and it might have supported the [676] other intervenor's contentions by a showing similar to that of an amicus curiae in a case in court, but that does not show an 'interest' in the result sufficient to constitute a reasonable basis for intervention. Therefore, as to it, the motion to dismiss the appeal should be sustained and its appeal is dismissed."

Incorporating the review procedure of § 386.510 into the banking statutes was intended to determine the kind and manner of review "by the circuit court" and not the parties to the action. The parties entitled to the review must be determined by reference to the banking statutes and not by the public service commission act. The banking statutes prior to the amendment make no provision for any original party to the proceedings either before the commissioners or the board of appeals other than the proposed incorporators. Nor is there any provision for the intervention by interested parties as there is in the public service commission act. § 386.420 (1). We are convinced that the legislature did not intend, for purposes of judicial review, to expand the category of permitted parties to include all

"interested" parties without regard to whether they had theretofore been parties or were qualified to be.

The presence of the University Bank is first noted at the hearings of September 9 and October 9, 1953, before the board of appeals. It is designated in the transcript of the evidence as the "Protestant." Counsel for the protestant cross-examined witnesses and conducted the direct examination of three witnesses "on behalf of the Protestant" and introduced some exhibits. Attached to the transcript of October 9 are affidavits of secrecy signed by the "Attorneys for Protestants, in the matter of the hearing of the appeal taken by the proposed incorporators of the proposed Suburban Bank of Dodson, Jackson County, Missouri." In the application for rehearing filed after the decision by the board of appeals, the commissioner of finance, in addition to claiming to act in his official capacity, also purported to act "as a person interested in representing the position of the Protestant in the above entitled cause." This application further recites "Comes also University Bank, the Protestant herein, a corporation interested in the order of the Board of Appeals." It does not appear that the courts of Missouri have had occasion to judicially define the term "Protestant" as used herein; however, in Webster's New International Dictionary, 2nd Ed., this definition appears: "3. One who makes or enters a protest; as the *protestants* against proposed legislation." This definition is consistent with the capacity in which the University Bank appeared before the board of bank appeals. This agency, created by the legislature to consider applications for the incorporation of banks, performs a function handled directly by the legislature prior to constitutional requirement of incorporation under general laws. Art. XI, § 2, Constitution of Missouri, 1945.

The appearance of the University Bank before the board of appeals as a "protestant" did not give it the legal standing of a party to the proceedings entitled to seek a judicial review of the order. As stated in 73 C.J.S. 517, § 176, "Not every person who files a protest and is given an opportunity to be heard by the administrative agency has a right to appeal from an order of the agency, but whether a particular person has the right to contest administrative action is largely a question of law, dependent on a number of variable factors, including the nature and extent of his interest, the character of the administrative act, and the terms of the statute." Our conclusion is that the University Bank had no legal authority to maintain an action for judicial review of the decision of the board of bank appeals.

In the case of In Re Chain Yacht Club v. St. Louis Boating Association, Mo. App., 225 S.W.2d 476, an objector attempted to intervene in a judicial proceeding for the incorporation of a yacht club. This case was decided after the enactment of § 507.090, the comprehensive section on intervention. The would-be intervenor appealed from an order denying its application. The [677] court of appeals dis-

missed the appeal and in its opinion quoted with approval from the case of Young Women's Christian Association v. St. Louis Women's Christian Association, 115 Mo.App. 228, 91 S.W. 171, as follows (l.c. 478): "The statutes appear to contemplate an ex parte proceeding, instead of one to which persons or corporations can be made parties on their application because they hold rights which may be infringed by granting the petition. The members of this court are of the opinion that the St. Louis Women's Christian Association had no legal right to intervene in the corporation proceedings and no right of appeal from the decree. The essential point is that it had no right to become a party to the proceeding." The appellant makes no pretense of having undertaken to bring himself within the provisions of § 507.090 relating to intervention generally and there appears to be no basis for such an application.

Nor is there any provision in the applicable statutes giving to the commissioner of finance any rights as a party after the board of appeals has obtained jurisdiction. Section 362.045, subsection 2, provides: "The board shall have access to any and all statements, reports, data and files in the office of the commissioner of finance who shall present all such documents and any other information bearing on the subject, in his possession, to the board. Each member of the board shall take the same oath required of the commissioner of finance to keep secret all facts and information thus obtained." An administrative agency is not a party to a litigation as that term is customarily used and should not be so considered unless the legislature has so provided. Pennsylvania Labor Relations Board v. Heinel Motors, 25 A. 2d 306, 344 Pa. 238. We hold that under applicable law the commissioner had no right to invoke a judicial review of the decision of the board of appeals. This holding is in accord with the weight of authority with respect to the right of a public officer or board to appeal in the absence of a statutory provision. 2 Am. Jur. 958, P.P. 128, § 178. See annotation 117 A.L.R. 216.

The commissioner in the first instance and then the board of bank appeals represented the general public interest in the exercise of the police power. The proposed incorporators were the persons whose private rights might be affected by the action of the commissioner or the board of appeals. The minimum requirements of Art. V, § 22, Constitution of Missouri 1945, were satisfied by the provisions for review in the statutes then existing. The broader legislative provisions apply only to future appeals. § 361.094, RSMo Cum. Supp. 1955.

The legislative construction of the banking act confirms the conclusions which we have reached. The 68th General Assembly amended the banking laws to provide for an appeal board of five members to be appointed by the governor and further specifically provided that the commissioner of finance shall be deemed a party

to an appeal proceeding before the board and that certain specified banks may intervene. Section 361.095, RSMo Cum. Supp. 1955, L. 1955, H. B. 212, § 5. The fact of this amendment is ''a significant factor'' and highly persuasive that the prior law did not contemplate that the commissioner of finance and the banks specified were parties to the proceedings or their review. State ex inf. Gentry, Atty. Gen. v. Long-Bell Lumber Co., 321 Mo. 461, 12 S.W. 2d 64, 80 [5]. The specific provision of the amendment that the commissioner be deemed a party on appeal and that other banks be permitted to intervene is a legislative construction that the right did not exist under the law applicable to this case. State ex rel. Bank of Nashua v. Holt, 348 Mo. 982, 156 S.W.2d 708, 712 [3]. This rule of construction was applied in the case of Drainage District No. 23 v. Hetlage, 231 Mo. App. 355, 102 S.W.2d 702, 709 [8], wherein it was held: ''We conclude, that from the legislative construction of article 1, chapter 64, as indicated by the subsequent amendment thereof, drainage districts organized under the provisions of said article 1, chapter 64, did not have the power to bring suit to redeem or to bid at tax sales for state and county taxes prior to this [678] amendment, and that consequently, it enacted this statute for the purpose of expressly conferring such authority upon *circuit court* districts. While this legislative interpretation is not conclusive, it is highly persuasive.''

A further reason that new parties cannot be injected on appeal is that under the controlling method of appeal the circuit court exercises a jurisdiction in its nature derivative or appellate rather than original. Lusk v. Public Service Commission, 277 Mo. 264, 210 S.W. 72, 75 [4]; State ex rel. Anderson Motor Service Co. v. Public Service Commission of Mo., 339 Mo. 469, 97 S.W.2d 116, 119.

It does not appear whether the purported rule of the board of appeals with respect to motions for rehearing and the time and manner of appeal was filed with the secretary of state as is required as a prerequisite to its effectiveness. § 536.020; Art. IV, § 16, 1945 Constitution. However, this is of no consequence since the board's rule-making power is limited to making ''rules and regulations for *its* proceedings.'' § 362.045 (1). See also § 536.010 (2). It could not by rule restrict or enlarge the statutory or constitutional provisions for judicial review of its own acts. Nor does its order purport to do so.

Our conclusion is that the trial court correctly decided that the commissioner of finance and the University Bank had no ''standing'' to invoke a judicial review of the decision of the board of bank appeals. In 42 Am. Jur. 596, § 204, it is stated: ''Only a person with a 'legal standing' can resort to the courts for relief from administrative action, whether the party resorting to the court avails himself of a statutory or nonstatutory remedy.

The question of a person's legal standing to apply for judicial relief does not touch the merits of a suit, but merely the authority of the court resorted to to entertain the action.''

Appellant strongly urges that the area proposed as a location for the Suburban Bank of Dodson has been annexed to the City of Kansas City since the decision by the board of appeals. Copies of ordinances bearing on such issue are annexed to the motion for rehearing filed with the board of appeals and a motion to stay on this ground was filed in the circuit court on September 7, 1954. We could not in any event consider new or additional evidence. State ex rel. Rutledge v. Public Service Commission, 316 Mo. 233, 289 S.W. 785, 787 [5]. However, we do not reach or decide this or any other question relating to the merits.

The judgment should be affirmed and it is so ordered. All concur.

Court en Banc, January 9, 1956.

*John W. Oliver* and *Henry Andrae* for petitioner; *Caldwell, Downing, Garrity & Eastin* and *Hendren & Andrae* of counsel.

*James T. Riley* and *Ike Skelton* for intervenors; *Skelton & Bradley* of counsel.