STATE OF MISSOURI at the Relation of NORMANDY FIRE PROTECTION DISTRICT, Relator, v. FORREST SMITH, State Auditor of Missouri, Respondent.—No. 41235.—216 S. W. (2d) 440.

Court en Banc December 22, 1948.

*Roy H. Bergmann* for relator.

*J. E. Taylor,* Attorney General, and *George W. Crowley,* Assistant Attorney General, for respondent.

[440] TIPTON, J.—This is an original proceeding in mandamus to compel the state auditor to register [441] bonds in the amount of $125,000, issued by the relator. The respondent refused registration on the ground that the act authorizing the incorporation of the fire district and the issuance of the bonds is unconstitutional.

The act (Laws of Missouri, 1947, p. 432, House Committee Substitute for House Bill No. 112) provides for the incorporation of fire districts in counties of not less than 400,000 nor more than 800,000 inhabitants.

The petition for mandamus alleges that on November 20, 1947, a petition for the incorporation of Normandy Fire Protection District was filed in the circuit court of St. Louis County, Missouri, for the

purpose of creating a fire district as authorized by the above act. That petition was signed by 100 taxpaying electors of the proposed district and a filing fee of $100 was paid the circuit court. It also defined the boundaries of the proposed fire district.

The clerk of the circuit court caused a notice to be published in a newspaper published in the county and sent a copy of such notice to each of the governing bodies of the municipalities having territory within the proposed boundaries of the proposed district. The court set January 8, 1948, as the date for the hearing and on that date a hearing was held and the court took the matter under advisement. On January 28, 1948, the court found the petition filed was in conformity with the act, that no protesting petition had been filed, that the facts stated in the petition were true and that it was necessary that the district be incorporated in order that protection against fire by any available means might be supplied. The court's interlocutory decree declared the incorporation of the district subject to an election in the district. The decree also ordered the election commissioners of St. Louis County to call and hold an election on March 30, 1948, and submit to the qualified electors of the district the proposition of incurring indebtedness of the district in the amount of $125,000.

An election was held in accordance with the decree and the canvass of the votes showed that there were 1,165 votes for the incorporation and 337 against; 1,095 for the issuance of the bonds and 312 against; and that Roger A. Rick, William Dietrich and Thomas P. Bradley had been elected as directors. On April 24, 1948, the circuit court entered a final decree of incorporation of the Normandy Fire Protection District.

On May 5, 1948, the board of directors passed a resolution for the issuance of the bonds of the district in the sum of $125,000. These bonds were tendered to the respondent for registration and he refused to register them.

In his return to our writ the respondent admits all the facts in the petition for mandamus but states that the act "under which the Bond sought to be registered is purportedly authorized, is unconstitutional in that it delegates legislative powers to the Circuit Court in violation of the Provisions of Article II, of the Constitution of the State of Missouri of 1945," also that it delegates legislative powers to private individuals.

Relator filed a motion for judgment on the pleadings.

If the act is unconstitutional, then relator was not legally organized and respondent rightly refused to register the bonds, but if the act in question is constitutional then respondent concedes that our alternative writ should be made peremptory.

The facts set out above follow in detail the requirements of the act in question. We think that these facts will suffice for a synopsis of

the law. Section 11 of the act provides that if it shall appear at the hearing "that a petition for the organization of a district has been signed and presented, as herein provided, in conformity with this act, and that the allegations of the petition are true, and that no protesting petition has been filed, or if one has been filed, that the facts adduced in behalf thereof at the hearing are insufficient to sustain such protesting petition, the court shall, by order duly entered of record, adjudicate all questions of jurisdiction, declare the district organized, define the boundaries thereof, and give it a corporate name by which in all proceedings it shall thereafter be known, and thereupon the district, subject to the election hereinafter provided, shall be a political subdivision of the state of Missouri and a body corporate with all the powers of like or similar corporations."

The provisions of this act are general and it is left to the court to determine if the described conditions precedent to incorporation have been complied with; therefore, there is no delegation of legislative power to the court. Under this act the incorporation of the political subdivision does not come into existence until it is approved by a majority of the qualified electors residing in the proposed fire district.

The act in question repealed a former act providing for incorporating of fire districts. In the case of State ex rel. Fire District of Lemay v. Smith, State Auditor, 353 Mo. 807, 184 S. W. 2d 593, we held that the former act did not delegate legislative powers to the courts. In ruling the case, we said:

"Respondent also contends the act offends Article III of the Constitution dividing the powers of government into three branches in that it delegates to the circuit court legislative power to determine what facts should form the basis for creation of a fire district. We do not find this to be so. The Legislature has prescribed the conditions which might exist before the rights under the act may be exercised. They are 'whenever the erection of buildings . . . becomes so congested that destruction of said buildings by fire becomes a danger to life and property and that fire prevention measures becomes a public necessity or benefit.' Section 1. In such a case fifty or more residents may petition the circuit court for the organization of a fire district. A hearing is had and evidence produced. The court then approves the organization of the district if it 'finds the proposed fire district is necessary.' Sec. 3, Laws 1941, p. 505. The provision authorizing the court to determine the necessity for the organization of a district must be read with the conditions set out as precedents to the right to form such a district and means that if the court finds the prescribed conditions exist then it shall approve the organization of the district. A court is authorized to do this under the established principle that the Legislature lays down the general

rule and the court decides the rights of the parties under the rule. Rhodes v. Bell, 230 Mo. 138, 130 S. W. 465. 'No delegation of legislative functions is involved, in general laws providing for the incorporation of municipal corporations, fixing the conditions on which they may be created, and leaving to some officer or official body the duty of determining whether such conditions exist. . . . It is generally held that the legislature, in enacting general statutes governing the incorporation of municipal corporations, which describe the conditions precedent to incorporation, may confer upon the court or other agency the power and duty to ascertain the existence of the facts set forth in the statute upon which it will become effective.' 37 Am. Jur. Municipal Corporations, § 8.'' Loc. cit. 597.

We held that the act in question does not delegate any legislative powers to the courts in contravention of our constitution.

In the Fire District of Lemay Case, supra, we also held that that law did not delegate to private citizens the power to create a political subdivision of the state. The principal difference between the old law and the present act is that under the old law the petition to be filed in the circuit court required that at least 50 persons sign that petition, while under this act the petition must be signed by 100 persons. We hold that the present act does not delegate to private citizens the power to create a political subdivision.

Respondent should register the bonds. For that purpose our alternative writ of mandamus is peremptory and ordered issued. All concur.