**Alfred R. CONNER and Marie D. Conner, his wife, Plaintiffs-Appellants,**

**v.**

**James HERD, Robert Burns and Carl Breihan, as Members of the St. Louis County Board of Zoning Adjustment; Donald E. Mueller, as Public Works Director and Zoning Enforcement Officer of St. Louis County; Moline Fire Protection District, a Corporation; and Victor Wolfsberger, Donald Weber and Roy Gastorf, as Members of the Board of Directors of said Moline Fire Protection District, Defendants-Respondents.**

**No. 32865.**

St. Louis Court of Appeals.

Missouri.

June 14, 1968.

Cook, Murphy, Lance & Mayer, St. Louis, for plaintiffs-appellants.

Joseph B. Moore, County Counselor, Thomas W. Wehrle, Deputy County Counselor, Harvey J. Schramm, Asst. County Counselor, T. Douglas Moore, Clayton, for defendants-respondents.

BRADY, Commissioner.

The St. Louis County Board of Zoning Adjustment, hereinafter referred to as the "board", granted defendant Moline Fire Protection District, which we will hereinafter refer to as the "district", permission to set its new fire station 62 feet back from the center line of Chambers Road and 28 feet back from the line determined by Clairmont Drive instead of the 80 feet and 30 feet, respectively, provided for such location absent the board's action. Plaintiffs are owners of an improved lot adjoining the fire station lot and bring this action seeking by certiorari to test the validity of the board's order and, by separate count, injunctive relief. The trial court affirmed the action of the board.

It is our duty to determine jurisdiction and we do so sua sponte in the event that issue is not raised by the parties. We do not reach the merits of the issues here involved for the reason the district is stated by statute to constitute a political subdivision of this state. Section 321.010, RSMo 1959, V.A.M.S. (Laws of Missouri, 1965, p. 509 § 1) so defines a "fire protection district". Section 321.-100, RSMo 1959, V.A.M.S. (see Laws of Missouri, 1947, V. 1, p. 432, § 11; compare Laws of Missouri, 1943, p. 853, § 3 and Laws of Missouri, 1941, p. 505, § 3) specifically states that upon compliance with the prerequisites set forth in the section a fire protection district " * * *

shall be a political subdivision of the state of Missouri * * *." In addition, it should be noted that many of the powers given to the governing body of the fire protection district as enumerated in Section 321.220, Laws of Missouri, 1965, p. 509, § 1, are legislative in nature. This is particularly true of the powers enumerated in Subsection (12) of Section 321.220, supra.

The original act providing for incorporation of fire districts in first class counties has been held to be constitutional against the attack it delegated legislative power to the circuit court and delegated to private citizens the power to create political subdivisions. State ex rel. Normandy Fire Protection Dist. v. Smith, 358 Mo. 572, 216 S.W.2d 440. Whether the legislature has the power to designate as "political subdivisions of the state of Missouri" bodies which it authorized created is a matter which has not been specifically ruled. However, that power would seem to be encompassed within those granted to the legislature by Article III of the Constitution of this State. In any event whether it is or is not a proper exercise of legislative power is in itself a constitutional question.

Article V, § 3, Constitution of Missouri, V.A.M.S., provides for the exclusive appellate jurisdiction of the Supreme Court of this state " * * * in all civil cases where the state or any county or other political subdivision of the state * * *" is a party.

This case must be transferred to the Supreme Court and it is so ordered.

PER CURIAM:

The foregoing opinion by BRADY, C., is adopted as the opinion of this court. The case is transferred to the Supreme Court.

ANDERSON, P. J., RUDDY, J., and JACK A. POWELL, Special Judge, concur.